IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANTHONY J. BROOKS, Plaintiff, | ) | |
| v. | ) | No. 03-2470C (Judge Wolski) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO MODIFY ORDER AND FOR AN ENLARGEMENT OF TIME

Defendant, the United States, respectfully requests an enlargement of time of three days, from September 19, 2006, through and including September 22, 2006, to file the privilege log referenced in the September 6, 2006 order. In addition, we respectfully request that the Court modify the September 6, 2006 order in the manner set forth below.[1] This is our first request for the relief sought herein. Plaintiff's counsel has indicated that he will make a determination regarding whether to oppose this motion after it is filed.

In the September 6, 2006 order, the Court directed the Government to determine whether any documents relating to the second remand had been omitted from the administrative record. The Court further noted that the Government should "particularly

[1] In the event the Court grants this motion and modifies the September 6, 2006 order, we respectfully request an enlargement of time, from September 19, 2006, until seven days after a decision upon this motion, to comply with the modified order. If the Court denies this motion, we respectfully request an enlargement of time, from September 19, 2006, until seven days after a decision upon this motion, to comply with the original order.

search for the types of documents described in the email of plaintiff's counsel dated May 27, 2006." In the event that no responsive documents were located, the Court directed the Government to file a status report to that effect. However, if additional documents were located, the Court directed the Government to supplement the administrative record with those documents and/or serve and file a privilege log describing the documents withheld and the basis for withholding them. Upon review of the documents that we have gathered as a result of the order, certain issues have arisen.

First, we interpret this Court's order to require the Government to supplement the administrative record only with "any additional documents relating to the second remand [that] were omitted from the administrative record." In other words, the Government is to supplement the administrative record only with documents that <u>should</u> have been included in our original supplement to the administrative record, but were not included. Second, we interpret the Court's order to require the Government to provide a privilege log of documents being withheld from the administrative record upon the basis of privilege.

We have located a relatively small number of documents about which there may be an issue with respect to whether they should be included in the administrative record. For instance, there are certain apparently <u>unprivileged</u> documents that we have

located that were not before the Board for Correction and, therefore, were not included in the administrative record. Based upon prior discussions and proceedings in this case, we anticipate that plaintiff may argue that those documents should be included in the administrative record.

To the extent that there is a conflict between the parties with regard to particular unprivileged documents, we believe that it would be improper to file the disputed documents as a supplement to the administrative record. However, because they are not privileged, there would be no basis to include them on the privilege log.

Therefore, we propose that, in lieu of that procedure set forth in the September 6, 2006 order, we be permitted to provide plaintiff's counsel with the unprivileged documents for review. If the parties thereafter are unable to reach an agreement with respect to whether any of those documents should be included in the administrative record, we suggest that the appropriate course would be for plaintiff to file a motion to supplement the administrative record with those documents. This procedure would protect the interests of both parties. Further, we believe that this procedure is consistent with what was intended with regard to resolving issues about the contents of the administrative record.

Finally, we respectfully request an additional three days to file our privilege log. The log is in the drafting process. However, there are certain issues that must be discussed with agency counsel before it is filed. Accordingly, we seek a brief enlargement of three days to file the log.

## CONCLUSION

For the foregoing reasons, we respectfully request an enlargement of time of three days, to and including September 22, 2006, to file our privilege log, and that the Court modify the September 6, 2006 order, as described above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/Bryant G. Snee***

BRYANT G. SNEE
Assistant Director

**s/Richard P. Schroeder**

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

September 19, 2006

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this day of September 19, 2006, "DEFENDANT'S MOTION TO MODIFY ORDER AND FOR AN ENLARGEMENT OF TIME," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder