# In the United States Court of Federal Claims

| | | |
|---|---|---|
| ANTHONY J. BROOKS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 03-2470 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| *Defendant.* | ) | Judge Wolski |

MOTION TO COMPEL

Plaintiff moves this Court pursuant to RCFC 26(b)(1) to order the production of *Federal Register* extracts, e-mail, and other documents described more fully below.

*Facts*

1. On October 5, 2006, Plaintiff served a Request for Production of Documents on Defendant requesting the following:

> A. The following documents listed in the privilege log defendant filed with the Court in the above-styled action on January 25, 2006:
>
> 1. Items 2 and 3 in the "email string" identified in the privilege log, each of which was furnished to Denise Canton, and the Attachment (a December 21, 2005 memorandum from Denise Canton).
>
> 3. Items 2, 3, 4, and 5. Items 2-4 were memoranda to Denise Canton. Item 5 was *Federal Register* extracts.
>
> B. The following documents listed in Privilege Log No. 2 defendant filed electronically with the Court in the above-styled action on September 22, 2006:
>
> 1. All documents included under this number of which copies were furnished to Denise Canton.

3. Attachment 1, a June 15, 2006 email, of which a copy was furnished to Denise Canton, with Attachments (a) and (b) thereto as listed in Privilege Log No. 2.

2. Denise Canton was either the addressee of or copied on all of the requested e-mails. She authored or received all of the documents requested other than the *Federal Register* extracts.

3. Denise Canton was not a member of the Board for Correction of Commissioned Corps Records ("BCCCR"). Instead, she was the Public Health Service ("PHS") representative opposing Captain Brooks before the Board.

4. Defendant claims the documents do not have to be produced because of attorney-client privilege or the work-product doctrine.

5. On November 1, 2006 at 2:45 PM, counsel for defendant advised plaintiff's counsel by telephone that the requested information would not be produced.

*Law and Argument*

6. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." RCFC 26(b)(1).

7. 42 U.S.C. § 213a provides in pertinent part:

> (a) Commissioned officers of the Service or their surviving beneficiaries are entitled to all the rights, benefits, privileges, and immunities now or hereafter provided for commissioned officers of the Army or their surviving beneficiaries under the following provisions of title 10: * * *

(12) Section 1552, Correction of military records: claims incident thereto.

8. 10 U.S.C § 1556 provides in pertinent part:

(a) In General.— The Secretary of each military department shall ensure that an applicant seeking corrective action by the Army Review Boards Agency, the Air Force Review Boards Agency, or the Board for Correction of Naval Records, as the case may be, is provided a copy of all correspondence and communications (including summaries of verbal communications) to or from the agency or board, or a member of the staff of the agency or board, with an entity or person outside the agency or board that pertain directly to the applicant's case or have a material effect on the applicant's case.

9. Plaintiff is entitled to a copy of all correspondence and communications (including summaries of verbal communications) to or from the agency or board, or a member of the staff of the agency or board, with an entity or person outside the agency or board that pertain directly to the applicant's case or have a material effect on the applicant's case. RCFC 26(b)(1); *see also* 10 U.S.C. § 1556. The requested e-mails and documents are relevant as they directly relate to plaintiff's claim.[1] While plaintiff has not seen the requested information, the descriptions in the privilege logs filed by defendant link the requested information to this claim.

10. Defendant withheld these documents under a claim of privilege. To the extent there was a privilege, it was waived through the transmission of the requested information, by members of the Board to Ms. Canton. *See* 10 U.S.C. § 1556. She was not a member of the BCCCR, but rather was PHS's representative opposing Captain Brooks before the Board. The Health and Human Services General Counsel's office cannot simultaneously have privileged communications

---

[1] Relevance for the purposes of Rule 26 is broadly construed. *Katz v. Batavia Marine & Sporting Supplies,* 984 F.2d 422, 424 (Fed. Cir. 1993).

with both the Board and a party before the Board concerning a pending case.

For the foregoing reasons, the Court should order defendant to produce the documents referred to above. A copy of the Request for Production of Documents is attached for convenience.

Respectfully submitted,

Eugene R. Fidell
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036
(202) 466-8960 tel
(202) 293-8103 fax
efidell@feldesmantucker.com

*Attorney of Record for Plaintiff*

*Of Counsel*:

Matthew S. Freedus

November 3, 2006

Certificate of Filing

I hereby certify that on this 3rd day of November, 2006, a copy of the foregoing Motion to Compel was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Eugene R. Fidell