**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANTHONY J. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2470 |
| v. | ) | |
| | ) | (Judge Wolski) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, the United States, respectfully submits this opposition to plaintiff's motion to compel. For the reasons set forth below, the motion should be denied.

Pursuant to a procedure utilized in this case, the Government previously filed two privilege logs in which we asserted privileges regarding a number of documents. By including a document in a log, we did not concede that the document would have been part of the administrative record but for the privilege asserted. Indeed, certain documents were post-decision and, therefore, clearly could not have been part of the record before the board. See, e.g., Log No. 2 at 1.[1] Captain Brooks has now sought to compel certain documents in our privilege logs.

Captain Brooks raises two arguments. First, he claims that, pursuant to 10 U.S.C. § 1556, he is entitled to all correspondence, to and from the Board for Correction of Commissioned Corps Records, with an entity or person outside the agency or board, that pertain directly to his case or have a material effect on his case. Pl. Mot. 3. Second, he asserts that the

---

[1] We filed two logs. The first was filed before the latest remand and is entitled Log No. 1. The second was filed after the remand and is entitled Log No. 2. References are to entry numbers. "Comp. __" refers to the complaint in this action. References are to page and paragraph numbers. "Pl. Mot. __" refers to Captain Brooks's motion to compel.

privileges asserted by the Government were waived through the transmission of the requested information to Denise Canton, who was not a member of the board. Pl. Mot. 2-3. Captain Brooks argues that the Department of Health and Human Service ("HHS") General Counsel's Office cannot simultaneously have privileged communications with both the board and a party to the board proceedings. However, the Government is not required to produce the documents sought in Captain Brook's motion to compel.

First, this case is a military pay case. Comp. p. 1, ¶ 1. The Claims Court has recognized that judicial review in military pay cases should be limited to the record developed before the administrative decision-maker. Long v. United States, 12 Cl. Ct. 174, 176 (1987) (citing Park v. United States, 10 Cl. Ct. 790, 793 (1986); Voge v. United States, 11 Cl. Ct. 510 (1987), modified on other grounds, 844 F.2d 776 (Fed. Cir. 1988); Jones v. United States, 7 Cl. Ct. 673 (1985)). In Long this Court's predecessor stated that "[i]t follows that discovery is unnecessary." Long, 12 Cl. Ct. 174, 177 (1987) (emphasis added); Batson v. United States, 48 Fed. Cl. 162 (2000). Further, a plaintiff is "not entitled to conduct discovery with the speculative hope of finding something to support their complaint." Bateson v. United States, 48 Fed. Cl. 162, 164 (2000) (citing Keebler Co. v. Murray Bakery Products, 866 F.2d 1386, 1389-90 (Fed. Cir. 1989)).

Second, assuming for the sake of argument, that Captain Brooks could obtain discovery under appropriate circumstances, he has failed to provide a basis for the discovery he now seeks. The statutory provision that allows for the correction of military records and related claims regarding officers of the Public Health Service is 42 U.S.C. § 213a(12). That provision states, in part: "Commissioned officers of the [Public Health Service] or their surviving beneficiaries are entitled to all the rights, benefits, privileges, and immunities now or hereafter provided for

commissioned officers of the Army or their surviving beneficiaries under the following provisions of Title 10." Section 1556 of title 10, upon which Captain Brooks relies, is not one of the sections listed. Therefore, it has no applicability.

Third, Captain Brooks's motion is based upon the faulty assumption that the privileges asserted were waived "by transmission of the requested information, by member of the Board to Ms. Canton." Pl. Mot. 3. Ms. Canton was the former Director of the Office of Commissioned Corps Operations ("OCCO") (formerly known as the Division of Commissioned Personnel). Captain Brook's characterization of Ms. Canton, however, as the "Public Health Service ("PHS") representative opposing Captain Brooks before the board," is incorrect.

By way of background, the role of OCCO in board proceedings is set forth in the board's regulations. Copies of the applications submitted to the board are provided to OCCO and the board may call upon OCCO to provide additional facts and supporting documentation. See CCPM, a copy of which is annexed to this brief, Subch. CC49.9, Instruction 1 at p. 10, § K. Although OCCO may forward the board its written views of a particular case, this information is not binding, although the board may consider the information when making its recommendations to the Secretary of HHS, or designee, as to whether an error or injustice occurred. Id. at p. 11, § K. Copies of the information provided by OCCO are forwarded to the officer. Id. at p. 10, § K.

Nowhere in the board's regulations is OCCO referred to or classified as the opposing party or adversary. Simply because OCCO may provide information with which an applicant may disagree does not mean that OCCO is the officer's opponent. Indeed, the board's function is to make recommendations to the Secretary, or his designee, see id. at p. 2, § C, not to conduct

adversarial proceedings. See Lyons v. United States, 18 Cl. Ct. 723, 730 (1989) (citing Armstrong v. United States, 205 Ct. Cl. 754, 764 (1974).

Fourth, Captain Brooks's contention that communications with Ms. Canton were not protected by the attorney-client privilege or work product doctrine because the Office of General Counsel's cannot have privileged communications with both the board and a party before the board is unsupported and unfounded.

The attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). "The privilege is that of the client, not that of the attorney." American Standard, Inc. v. Pfizer, Inc., 828 F.2d 734, 745 (Fed. Cir. 1987). The privilege protects communications made in confidence by clients to their lawyers for the purpose of obtaining legal advice. American Standard, Inc. V. Pfizer, Inc., 828 F.2d 734, 745 (Fed. Cir. 1987). The advice provide from counsel to the client is protected to the extent it discloses, directly or indirectly, what the client told the lawyer. Id.

The attorney-work product doctrine protects documents and tangible things prepared in anticipation of litigation or for trial by a party or its representative. See Rule 26(b)(3) of the Rules of this Court; Hickman v. Taylor, 329 U.S. 495, 511-12 (1947). Opinion work product also is protected. Sparton Corp. v. United States, 44 Fed. Cl. 557, 564 (1999). Opinion work product, which includes an attorney's mental impressions, conclusions, opinions and legal theories, warrants special protection. Id. Thus, even where the discovery of documents and tangible things is ordered, "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative concerning the

litigation." RCFC 26(b)(3); see also Sparton, 44 Fed. Cl. at 565 (opinion work product afforded "nearly absolute protection" from disclosure) (citing Hickman, 329 U.S. at 510).

With respect to the present matter, HHS's Office of General Counsel ("OGC") is charged with representing HHS, which includes all operating divisions, staff divisions and components. The Public Health Service, including OCCO, falls under this umbrella, as does the board. OGC maintains an attorney-client relationship with both OCCO and the board. Legal advice and guidance is routinely provided to both offices when requested. Therefore, communications between the board and the Office of General Counsel, and OCCO and the Office of General Counsel, are protected by privilege. See, e.g., Sparton Corporation v. United States, 44 Fed. Cl. 557, 566 (1999) ("It is well established that communications between government agencies and agency counsel are protected by the privilege so long as they are made confidentially and for the purpose of obtaining legal advice for the agency.").

Fifth, although Captain Brooks asserts, without explanation, that the particular documents he seeks are relevant and linked to his claim, Pl. Br. 3, he makes no attempt to explain how or why he believes they are relevant, especially given the narrow nature of the review to be conducted in this case. Further, other than his conclusory argument that the privileges have been waived by the disclosures to Ms. Canton, he makes no attempt to demonstrate that the privileges are inapplicable.

For instance, Captain Brooks seeks documents described in the privilege log as a "transmittal email" from Dan Clutch to agency counsel, Lisa Flynn, and attachments, which include a privileged communication from the board's executive director, John Aguirre, to Ms. Flynn, dated May 18, 2006, and a copy of the board's May 11, 2006 decision at issue in this

action. Pl. Mot. 1; Log No. 2 at 1.[2] The privilege log describes the May 18th email as "transmitting and briefly describing the board's decision." Id. These documents – which are communications between agency employees and agency counsel, and clearly were prepared in anticipation of litigation – postdate the board's decision. This was pointed out in our privilege log. Log No. 2, at 1. Therefore, no part of the board's decision could have been based upon that document and it is not part of the administrative record. Further, although Captain Brooks may be curious to examine those documents, this is not a basis for seeking its production.[3]

Similarly, Captain Brooks seeks a privileged June 15, 2006 email from Dan Clutch to Lisa Flynn. Again, that document postdates the board's May 11, 2006 decision and is not properly part of the administrative record.[4] Further, Captain Brooks offers no explanation why those documents are necessary for this Court to adjudicate this case, and offers no argument showing that specific document is not privileged.

Captain Brooks further seeks a December 20, 2005 email from Joe Cocco to Denise Canton, and a December 21, 2005 email from Gregory Stevens to Joe Cocco. Log 1 at 1. In the December 20, 2005 email, Mr. Cocco seeks information from OCCO relevant to questions raised by the Court upon remand. Although this email was not written by counsel and was not addressed to counsel, the email discloses the opinions of the Office of General counsel regarding

---

[2] The email from Mr. Clutch to Ms. Brooks was dated May 22, 2006. The date inadvertently was omitted from the privilege log.

[3] The second document listed in the log entry is the May 11, 2006 board decision. Log No. 1 at 1. As the log itself notes, that document was included in the administrative record previously was filed with the Court. Id. We believe that Captain Brook's request for the document was inadvertent. In any event, the document is not legitimately at issue in Captain Brooks's motion.

[4] Attachments (a) and (b) to that document were included in the administrative record and, therefore, are not part properly at issue in this motion, although Captain Brooks has inadvertently included them.

litigation issues in the present case, and discloses a recommendation by the Office of General Counsel regarding procedural matters relating to the remand. The email does not discuss the merits of Captain Brooks's appeal. Disclosure of this information to Captain Brooks would inhibit the ability of the agency to communicate with its counsel, and inhibit the ability of agency personnel to relay legal advice from counsel to other agency personnel who have a need to be informed of counsel's advice and opinions. The December 21, 2005 email is a transmittal email. We withdraw our privilege objection to disclosure of the December 21, 2005 email, but do not withdraw our objections to disclosure of its attachments. Although we continue to contend that discovery is inappropriate, without waiving that argument, and for purposes of expedience only, a copy December 21, 2005 email, with the attachments redacted, will be provided to Captain Brooks.

Captain Brooks also seeks a January 16, 2001 memorandum from Timothy White, Associate General Counsel, to Ms. Canton. Log 1 at 3. The memorandum responds to a request for a legal opinion regarding the board case of another employee. The memorandum discloses legal advice of agency counsel regarding the board's authority. This document and advice therein is protected by attorney-client privilege and constitutes attorney work product. Further, Captain Brooks has not provided any argument showing that these documents are not privileged. He also has not explained why he thinks he needs this document. Disclosure of this information to Captain Brooks would inhibit the ability of the agency to communicate with its counsel and inhibit the ability of agency personnel to relay legal advice from counsel to other agency personnel who have a need to be informed of such advice.

Captain Brooks also seeks a September 15, 2000 fax cover sheet to Mr. White from Ms. Canton transmitting and discussing a February 28, 2000 legal opinion prepared by Deborah Harris of the Office of General Counsel. Log 1 at 3. The February 28 memorandum discusses Privacy Act and other issues arising in a case in which one officer discloses the performance evaluations of another officer competing with the first officer for a promotion. The September 28th fax cover sheet discusses the opinion and underlying matter, and was sent by Ms. Canton to Mr. White for the purpose of obtaining legal advice. These documents are protected by attorney-client privilege and their disclosure would to Captain Brooks would inhibit the ability of the agency to communicate with its counsel. Further, Captain Brooks has not provided any argument showing that these documents are not privileged.

The final document is a Federal Register release. This document constitutes legal research. Captain Brooks has failed to demonstrate any right to obtain this document and has not made any specific argument for its release. Further, Captain Brooks has access to Federal Register releases, which are public documents and can perform his own research.

In sum, Captain Brooks has provided no justification for the release of any of the documents he seeks.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motion to compel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/Bryant G. Snee***
BRYANT G. SNEE
Assistant Director

***s/Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

December 6, 2005

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 6th day of December, 2006, "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder