MANUAL: Personnel
Chapter Series CC--Commissioned Corps Personnel Manual
Part 4--Regulations

DEPARTMENT OF HEALTH AND HUMAN SERVICES
Public Health Service

Chapter CC49--Officers' Relations, Services, and Benefits
Subchapter CC49.9--Miscellaneous
Personnel INSTRUCTION 1--Board for Correction of PHS Commissioned Corps Records

CONTENTS


| Section | Subject | Page |
| --- | --- | --- |
| A. | Purpose and Scope | 2 |
| B. | Authority | 2 |
| C. | Establishment of the Board | 2 |
| D. | Application for Correction | 3 |
| E. | Consideration of Application | 3 |
| F. | Hearings | 4 |
| G. | Counsel, Witnesses, and Expenses | 5 |
| H. | Procedures at Hearings | 6 |
| I. | Deliberations and Disposition | 6 |
| J. | Payment of Claims | 9 |
| K. | Miscellaneous Provisions | 10 |

## Section A. Purpose and Scope

This INSTRUCTION establishes the procedures for making application for the correction of personnel records of the PHS Commissioned Corps, the consideration of applications by the Board for Correction of PHS Commissioned Corps Records (hereinafter referred to in this INSTRUCTION as the board), and for settling claims or determining monetary benefits.

## Section B. Authority

These procedures are issued under authority of 10 U.S.C. 1552 and 42 U.S.C. 213a(12) which authorizes the Secretary of Health and Human Services, under procedures approved by him/her, and acting through a board of civilian officers and employees (i.e., nonuniformed), to correct any record maintained by the Department of Health and Human Services (DHHS) on any present or former PHS commissioned officer when the Secretary considers such action necessary to correct an error or remove an injustice. These authorities also authorize the Department to pay any amount due as a result of the correction.

## Section C. Establishment of the Board

1. Establishment and Composition. The board is established in the Office of the Assistant Secretary for Health. The Secretary, or his/her designee, appoints a panel of PHS civilian officers or employees (nonuniformed) to serve as board members and designates one such member to serve as chairperson of the board. The chairperson designates members from this panel to serve as the board for each case requiring consideration by a board. A board consists of at least three members. Two members present constitute a quorum of the board.

2. Function. The function of the board is to consider all applications properly before it for the purpose of determining the existence of an error or an injustice and to make recommendations to the Secretary, or his/her designee.

3. Jurisdiction. The board has jurisdiction to review and determine all matters properly brought before it, consistent with existing law.

4. Executive Secretary. The executive secretary of the board carries out the functions prescribed for him/her by these procedures and such other duties as may be assigned to him/her by the chairperson.

5. Convening the Board. The board is convened at the call of the chairperson and recesses or adjourns at his/her order.

6. Changes in Procedures. The board may initiate recommendations for such changes in procedures as established herein as may be considered necessary for the proper functioning of the board. Such changes are subject to the approval of the Secretary.

## Section D. Application for Correction

1. Submission. An application for correction must be submitted on the prescribed form or exact facsimile thereof to the address indicated on the form. Forms and explanatory matter may be obtained from the:

   Executive Secretary
   Board for Correction of PHS
   Commissioned Corps Records
   5600 Fishers Lane, Rm. 4-35
   Rockville, Maryland 20857

2. Claimant's Signature. The application must be signed by the person requesting corrective action with respect to his/her record. The application may, however, be made by a spouse, parent, heir, or legal representative when the record in question is that of a person who is incapable of making application himself/herself, or whose whereabouts are unknown, or who is deceased. When the application is not signed by the person requesting corrective action, it must be accompanied by satisfactory evidence of (1) the death, incapacity, or unavailability of such person and (2) the relationship required of the person making application.

3. Time Limit. An application for correction of a record must be filed within three years after discovery of the alleged error or injustice. An application filed after that time may not be accepted by the board unless the board finds that it would be in the interest of justice to do so. Reasons why its acceptance would be in the interest of justice must be stated in the application.

## Section E. Consideration of Application

1. Other Remedies. An application may not be considered by a board until the applicant has exhausted all effective administrative remedies afforded him/her by existing law or regulations, and such legal remedies as the board may determine are practical and appropriately available to the applicant.

2. Review of Application. Each application and the available PHS records pertinent to the corrective action requested are reviewed by the chairperson to determine whether to grant a hearing or to recommend disposition on the merits without a hearing.

3. Denial of Application. The chairperson, without approval of the Secretary or his/her designee, may deny an application when:

   a. Insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice;

   b. Effective relief cannot be granted by the board;

   c. The board does not have jurisdiction to determine the matters presented; or

   d. The application has not been timely filed under Section D.3., above, and the interest of justice does not require its acceptance.

   Denial of an application under this paragraph is without prejudice to further consideration if new relevant evidence is submitted by the applicant or otherwise comes to the attention of the board. Subsequent denials of relief on any application for any of the four reasons specified above are decided by the board, without approval of the Secretary, or his/her designee. Where relief is denied under this Section, written findings, conclusions, and recommendations are not required. The applicant is advised of the reasons for the denial and of any right he/she may have to further proceedings.

4. Other Proceedings Not Stayed. The application to the board for correction of a record does not operate as a stay of any proceedings or administrative action being taken with respect to or affecting the person involved.

## Section F. Hearings

1. Entitlement to Hearing. The applicant may request that he/she be permitted to appear before the board in person or by counsel or in person with counsel. The chairperson grants a hearing whenever the application and the record in question, together with any briefs, memoranda, or other documents theretofore received, show that a hearing would be likely to produce additional information material to the case.

2. Denial of Hearing. If the chairperson determines that a hearing is not warranted, the applicant or his/her counsel is notified in writing that a hearing has been denied and is advised of the reasons therefor. The applicant may request the board to reconsider the denial by submitting, within 45 days after receiving notice of the denial, further documentary evidence to justify a hearing in the case. If the board denies the request for reconsideration, the applicant is notified in writing of the denial and the reasons therefor. The board also sets forth the reasons for denial in its decision on the merits of the application.

3. Notice of Hearing. If the chairperson, or the board upon reconsideration, determines that a hearing is warranted, the applicant or his/her counsel is notified in writing that a hearing has been granted, and that a time and place for the hearing will be set upon:

   a. Receipt by the board of all briefs, memoranda, or other documents the applicant or his/her counsel desires to submit in support of the application; or

   b. Being advised by the applicant or his/her counsel that no additional documentary materials will be submitted.

   Written notice stating the time and place of the hearing is given to the applicant or his/her counsel upon the fulfillment of either of the conditions referred to in this paragraph. The date of hearing may not be less than 30 days from the date that the written notice is mailed, except that an earlier date may be set when the applicant waives his/her right, in writing, to such 30 days' notice and has actual notice of the time and place of the hearing.

4. Postponement of Hearing. New issues may not be raised by legal briefs, memoranda, or other documentary evidence filed or submitted after the hearing date is set or at the hearing, except for good cause shown. If new issues are raised after the hearing date is set, upon good cause shown, the board may postpone the hearing for such time as is necessary to allow sufficient time for review of additional materials. If a hearing is postponed, the board notifies the applicant or his/her counsel in writing of the postponement and of a place and time for a new hearing.

5. Nonappearance. An applicant who notifies the board in writing that he/she does not desire to be present or to be represented by counsel at a hearing, or who fails without good cause to appear in person or by counsel at the appointed time and place for hearing is deemed to have waived his/her right to a hearing. The application is then considered by the board on the basis of all material of record.

## Section G. Counsel, Witnesses, and Expenses

1. Counsel. The term "counsel" includes members in good standing of any bar or any state; accredited representatives of veterans' organizations recognized by the Administrator of Veterans' Affairs under 38 U.S.C. 3402; and other persons, including PHS commissioned officers, who, in the opinion of the board, are considered to be competent to represent the applicant for correction.

2. Witnesses. The applicant is permitted to present witnesses in his/her behalf at hearings before the board. It is the applicant's responsibility to notify the witnesses and ensure their appearance at the time and place set for the hearing.

3. Expenses. No expenses of any nature whatsoever voluntarily incurred by the applicant, his/her counsel, his/her witnesses, or by any other person in his/her behalf, may be paid by the Government.

## Section H. Procedures at Hearing

1. Conduct of Hearing. The chairperson conducts the hearing so as to insure a full and fair presentation of the evidence. The hearing is not limited by legal rules of evidence but reasonable bounds of competency, relevancy, and materiality are observed for the receipt and consideration of evidence. All testimony before the board is given under oath or affirmation and witnesses are subject to examination by the board.

2. Procurement of Evidence. It is the applicant's responsibility to procure such evidence, including official records, as he/she desires to present in support of his/her case.

3. Access to Official Records. The applicant may have access to his/her official records or to any information pertaining to him/her which is in the custody of DHHS, as provided in 45 CFR Part 5b. The applicant may have access to other departmental records as provided in 45 CFR Part 5.

4. Continuance. The board may continue a hearing on its own motion. A request for continuance by or in behalf of the applicant may be granted by the board if a continuance appears necessary to insure a full and fair hearing.

5. Reporting. The proceedings of the board in open session are reported verbatim and are transcribed at the discretion of the board. The board's deliberations are conducted in executive session and are not reported.

## Section I. Deliberations and Disposition

1. Deliberations. Only members of the board and its staff are present during the deliberations of the board.

2. Further Information. When it appears to the board that the facts have not been fully and fairly disclosed by the records or by the testimony and other evidence before the board, the board may request the applicant to obtain and submit, or the board may obtain, such further evidence as it may consider essential to a complete and impartial understanding of the facts and issues involved. The applicant is given an opportunity to comment on any further evidence submitted to, or obtained by, the board.

   If a hearing has not been held, the board may accept any documentary evidence relevant to the matter under consideration submitted prior to final determination of the case by the Secretary or his/her designee. However, if a hearing has been held, the board may not accept documentary evidence after the hearing which, by due diligence, could have been submitted prior to the hearing.

3. Findings and Recommendations. Following receipt of all evidence, the board prepares written findings, conclusions, and recommendations with respect to the relief sought by the applicant or found by the board to be appropriate. A majority vote of the members present on any matter before the board constitutes the action of the board and is so recorded.

4. Denial of Relief. If denial of relief is recommended, the written findings and conclusions will include the reasons for the determination that relief should not be granted, together with all the essential facts upon which the denial is based. Attached to the findings and recommendations will be any advisory staff opinion considered by the board which is not fully set out in the findings and recommendations.

5. Recommendation. The recommendation of the board specifies with particularity any change, correction, or modification of records that is to be made, and any other action deemed necessary to carry out the recommendations of the board.

6. Separate Communication. When the board considers it necessary to submit comments or recommendations to the Secretary, or his/her designee, as to matters arising from but not directly related to the issues of any case, such comments and recommendations are submitted by separate communication.

7. Minority Report. In case of a disagreement between members of the board, a minority report on the board's findings and recommendations may be submitted.

8. Record of Proceedings. When the board has completed its deliberations, a record of the proceedings is prepared. The record indicates whether or not a quorum was present and the name and vote of each member present. The record includes the application for relief; a transcript of any testimony prepared for the board; affidavits; papers, and documents considered by the board; briefs, advisory opinions, and written arguments filed in the case; the findings, conclusions, and recommendations of the board; any minority report; and all other papers and documents necessary to reflect a true and complete history of the proceedings. The record so prepared is certified by the chairperson or his/her designee as being true and complete.

9. Withdrawal. The board may permit an applicant to withdraw his/her application without prejudice at any time before its proceedings are forwarded to the Secretary.

10. Action by the Secretary. The record of proceedings is sent to the Secretary, or his/her designee, for approval, disapproval, or return for additional consideration. Those cases returned for further consideration will be accompanied by a brief statement setting out the reasons for such action and any specific instructions. If the Secretary's decision is to deny relief, such decision will be in writing and, unless he/she expressly adopts in whole or in part the findings, conclusions and recommendations of the board, he/she will include a brief statement of the ground(s) for denial as stated in Section I.4. Upon final action by the Secretary, or his/her designee, the record of proceedings is returned to the board for disposition.

11. Reconsideration. The recommendation of the board, as approved, constitutes a final determination of the issues presented and considered. Reconsideration is granted only if newly discovered evidence or information, not previously considered by the board, is presented by the applicant or otherwise comes to the attention of the board and then only if the newly discovered evidence or information would, if true, result in a determination other than that originally made. The board may refuse to consider evidence or information claimed to be newly discovered if it finds that such materials could have been presented to the board prior to its original determination if the applicant or his counsel had exercised reasonable diligence. A denial of reconsideration must be approved by the Secretary, or his/her designee.

12. Notification. Upon final determination of a case, the board notifies the applicant or his/her counsel of the decision of the Secretary, or his/her designee.

13. Official Personnel File. Copies of the final decision will not be filed in the official personnel records of the applicant if such action would nullify the relief granted.

14. Release of Record of Proceedings. The board sends the applicant or his/her counsel a copy of the board's findings and recommendations, and the applicant and his/her counsel may inspect and copy the record of proceedings. Inquiries concerning the inspection of documents should be addressed to the Board for Correction of PHS Commissioned Corps Records (see Section D.1., above). Release of the record of proceedings to third parties is subject to departmental regulations implementing the Privacy Act of 1974 and the Freedom of Information Act.

## Section J. Payment of Claims

1. Authority to Pay. The Department is authorized to pay claims in accordance with 10 U.S.C. 1552.

2. Payments not Authorized. The Department is not authorized to pay any claim heretofore compensated by Congress through enactment of a private law, or to pay any amount as compensation for any benefit to which the claimant might subsequently become entitled under the laws and regulations administered by the Administrator of Veterans' Affairs.

3. Procedures. In each case, the board sends a certified copy of the final decision to the office responsible for the administrative operations of the PHS Commissioned Corps for determination and payment of monetary benefits due as a result of the action of the board. Payment is subject to the following:

   a. Upon request, the claimant is required to furnish any information necessary to determine the proper parties to the claim.

   b. Appropriate records are examined in light of the final decision of the Secretary, or his/her designee, to determine all amounts which may be due. Amounts found due may be reduced by the amount of any existing indebtedness to the Government arising from service in the PHS Commissioned Corps.

c. At the time of payment, the claimant is advised as to the nature and amount of the various benefits represented by the total settlement, and that acceptance of the settlement constitutes a complete release by the claimant of any claim against the United States on account of the correction of record ordered by the board.

d. If the intent or import of the decision of the Secretary, or his/her designee, is not clear with respect to payment, the decision shall be returned to the board for clarification.

4. Report of Settlement. When payment is made, the amount of such payment and the name of the payee or payees shall be reported to the chairperson of the board.

## Section K. Miscellaneous

1. Staff Assistance. The board may request such advice, opinion, or assistance of any DHHS office as may be deemed necessary.

2. Request for Information.

a. The board sends to the office responsible for the administrative operations of the PHS Commissioned Corps a copy of each application for relief submitted under Section D.1., above, that has not been denied under Section E, above, together with any briefs, memoranda, and documentary evidence submitted or obtained in the case.

b. The board may request the office responsible for the administrative operations of the PHS Commissioned Corps to submit any additional pertinent facts not disclosed in an application and its supporting documents.

c. The office responsible for the administrative operations of the PHS Commissioned Corps may forward to the board the written view of that office on any case before the board.

d. A copy of each submission made by the office responsible for the administrative operations of the PHS Commissioned Corps is given to the applicant or his/her legal representative who may rebut, if he/she desires, the views of that office contained therein.

e. Information and views furnished by the office responsible for the administrative operations of the PHS Commissioned Corps under this Section are not binding on the board, but are considered by the board along with all other information and material submitted in the particular case.

Date: July 16, 1981

Edward N. Brandt, Jr.
Assistant Secretary for Health

Approved: September 8, 1981

Secretary