# In the United States Court of Federal Claims

| | | |
|---|---|---|
| ANTHONY J. BROOKS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 03-2470 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| *Defendant.* | ) | Judge Wolski |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO COMPEL

Defendant's grounds for resisting plaintiff's motion to compel are without merit and should be rejected.

That this is a military pay case is not an answer to the motion to compel. We fully understand that discovery is limited in cases arising on an administrative record. But here the defendant has filed two privilege logs that relate specifically to this case. Because this is a review of an administrative record, plaintiff has a right to examine the entire record, not just those parts of it that defendant wishes to produce. As our motion explained, relevance is broadly construed.

Defendant's claim (at 2-3) that 10 U.S.C. § 1556 has no bearing is mistaken. Section 1556 is part and parcel of the process set out in 10 U.S.C. § 1552, and there is no question that § 1552 applies to proceedings of the PHS Board for Correction.

Defendant's claim that OCCO does not function as the applicant's adversary in cases before the PHS Board for Correction can only be described an "appeal to unreality." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 18 (1941) (Frankfurter, J.,

dissenting). Of course, OCCO's submission is not binding on the board. But OCCO can and often does resist an application. It is certainly an adverse party for all practical purposes. This is true of all of the record correction boards. *See* Exs. 1-4.

The record of this very case confirms this. As adverse party in the first phase of Captain Brooks's effort to obtain a correction of his record, OCCO saw to it that he instead received what was later determined to be an unjustified letter of reprimand.

Defendant improperly relies (at 4) on *Lyons v. United States*, 18 Cl. Ct. 723 (1983), to suggest that OCCO is not in an adversarial position. *Lyons* simply stated that an applicant is not entitled to an adversarial hearing before of the BCMR. *Id.* at 729. It in no way discusses the adversarial relationship between the applicant and the military organization involved. Very, very few correction board cases involve evidentiary hearings.

Defendant's treatment of our objection to the Office of General Counsel attempting to have privileged communications both with an adjudicatory body and OCCO at the same time concerning the same particular matter is unpersuasive. We do not dispute that OGC can have privileged communications with OCCO or any other part of HHS. The difficulty is that here OGC is attempting to serve as counsel to both the adjudicator and a party to the adjudication. Defendant has cited no authority for the counterintuitive proposition that this is proper. *Sparton v. United States*, 44 Fed. Cl. 557 (1999), cited by defendant (at 5), certainly does not stand for that proposition.

The fact that some of the withheld documents noted on the privilege logs

post-date the decision of the Board for Correction is immaterial. The question is whether they bear on the issue or could lead to relevant, admissible evidence, and defendant has not claimed the contrary. A perfect illustration of this is the December 20-21, 2005 emails from and to Joe Cocco. Defendant makes assertions about what is in these emails, but the only way for the Court to know is to conduct an *in camera* inspection, which we urge it to do.

Finally, defendant's refusal to turn over the *Federal Register* issuance speaks volumes. It is like the proverbial thirteenth stroke of the clock: questionable in itself and casting doubt on all that precedes it. *See* A.P. Herbert, *Uncommon Law* 28 (1935) (*R. v. Haddock*). Attempting to "hide the ball" in this manner—as if this were a guessing game in which we and the Court must rummage at random through the entire *Federal Register* is to trivialize the process.

Defendant has not furnished us the document it says it would furnish us.

For the foregoing reasons and those previously stated, the Court should order defendant to produce the documents referred to above.

Respectfully submitted,

Eugene R. Fidell
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036
(202) 466-8960 tel
(202) 293-8103 fax
efidell@feldesmantucker.com

*Attorney of Record for Plaintiff*

*Of Counsel*:

Matthew S. Freedus

December 15, 2006

Certificate of Filing

I hereby certify that on this 15th day of December, 2006, a copy of the foregoing Reply to Defendant's Response to Motion to Compel was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Eugene R. Fidell