# In the United States Court of Federal Claims

| | | |
|---|---|---|
| ANTHONY J. BROOKS, *Plaintiff,* | ) | |
| v. | ) | No. 03-2470 |
| UNITED STATES, *Defendant.* | ) | Judge Wolski |

## DECLARATION OF DAVID P. SHELDON

I am David P. Sheldon. My business address is 512 8th Street, SE, Washington, DC 20003. I am admitted to practice law in the bars of the District of Columbia, Maryland, and Montana. I have been practicing military law for 15 years. I have represented over a thousand clients before the various Boards for Correction of Military Records. I am extremely familiar with the practice and procedures involved with the Boards.

I have been advised that the defendant claims that proceedings before the Boards for Correction of Military Records are not adversarial in nature. That totally mischaracterizes the practice I have witnessed over the years. In practice, the Boards are clearly and fundamentally adversarial in nature.

The applicant presents a legal memorandum with supporting evidence to the Board setting out an error or injustice for which he or she seeks redress. The Board often obtains "advisory opinions" which rebut the applicant's case. In cases where physical disabilities are at issue, cases often come down to a "battle of the experts." Through this additional information, the military organization represents its position on the applicant's claim. The applicant then has a right to respond to any additional information.

It is uncommon for a military organization to concede the applicant's position. Rather, the information is typically a fervent effort to oppose the applicant's arguments.

I have had cases where the government has taken the position that "good cause" has not been shown where an applicant has missed a statute of limitations even though the statute is remedial in nature and allows for waiving the statute of limitations.

The government has taken positions that even though an applicant can show that she was sexually harassed, her record should not be corrected.

I have had countless cases where the government's expert psychologist has diagnosed service members with mood disorders, but the applicant demonstrates through a forensic expert that there is no basis for such a diagnosis.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 13 December 2006.

Signature