# In the United States Court of Federal Claims

| | | |
|---|---|---|
| ANTHONY J. BROOKS, *Plaintiff,* | ) | |
| v. | ) | No. 03-2470 |
| UNITED STATES, *Defendant.* | ) | Judge Wolski |

## DECLARATION OF GRANT E. LATTIN

I am Grant E. Lattin. I am admitted to practice law in the District of Columbia and the Commonwealth of Virginia. I have been practicing military law for 26 years, and I have a Master of Law degree in Military Law from the U.S. Army Judge Advocate General School, a law school located at the University of Virginia and accredited by the American Bar Association. I practiced law as a certified judge advocate in the United States Marine Corps for more than 15 years when I retired as a lieutenant colonel in 1995. Since that time I have maintained either a solo law practice or a partnership where my practice has been exclusively limited to military personnel law. I have represented more than 100 clients before the correction boards created pursuant to the authority of Section 1552, Title 10, U.S. Code. I am very familiar with the practice and procedures involved with these boards. My background and experience are detailed on our website at ArmedForcesLaw.com.

I have been advised that the defendant claims that proceedings before the correction boards are not adversarial in nature. That is not true, and such an assertion completely contradicts my own experience. In practice, the boards are fundamentally adversarial in nature. The applicant presents a claim on a standard form to the board setting out an error or injustice for which he or she seeks redress. The board then seeks additional information from the military organization involved. The military organization, in the form of an advisory opinion, represents its position on the applicant's claim, and the vast majority of these advisory opinions usually oppose the applicant's claim often citing facts, regulations, statutes, or case law in opposition to the claim. Many of these advisory opinions are written by attorneys representing the military organization. These advisory opinions are then returned to the Board, and the Board then provides a copy of the advisory opinion to the applicant who is given an opportunity to respond to the advisory opinion. It is uncommon for a military organization to concede the applicant's position. Rather, the information is typically a fervent effort to oppose the applicant's arguments.

The adversarial nature of these claims is illustrated by the manner in which one military department's procedures to provide legal advice have evolved. Some years ago while I was on active duty, uniformed attorneys in the Office of the Judge Advocate General provided legal advice both to the Board for Correction of Naval Records (BCNR) and to the Secretary of the Navy after a BCNR decision was sent to the Secretary for approval. The Secretary realized that the same office providing legal advice to the BCNR in its proceedings should not be providing legal advice to the Secretary, who was the ultimate decision maker. The Secretary changed this policy and began receiving legal advice on BCNR matters from civilian attorneys in the Office of General Counsel while the uniformed attorneys in the Office of the Judge Advocate General continued to provide advice to the BCNR. This change recognized the adjudicative and adversarial nature of such proceedings and ensured that the BCNR and the Secretary received objective and impartial legal advice avoiding the conflict of interest concerns raised by the previous practice.

The adversarial nature of these proceedings may best be illustrated by a specific example. On February 4, 2004, my client was discharged from the United States Marine Corps after more than 14 years of active duty. On July 28, 2005, he submitted a claim to the BCNR alleging he was unconstitutionally discharged. This claim, BCNR Docket Number 6309-05, included an 8-page, single-spaced legal brief with more than 200 pages of documentary evidence. The BCNR received a 5-page advisory opinion dated September 15, 2005, written by attorneys representing Headquarters, U.S. Marine Corps, recommending disapproval of my client's claim. The BCNR also received a 5-page, single-spaced advisory opinion from attorneys in the Office of the Judge Advocate General also recommending denial of the claim. Both of those advisory opinions were sent to my client by the BCNR and he was given 30 days to respond. On December 21, 2005, through counsel, my client responded to and rebutted both advisory opinions. On April 25, 2006, the BCNR issued a unanimous decision recommending that my client be returned to active duty, despite the advisory opinions recommending no relief. This decision was a 36-page, single-spaced decision citing the facts and significant law of the case, including more than 10 pages explaining the resolution of a constitutional due process issue. This decision was written for the BCNR by an attorney on the BCNR staff. On June 19, 2006, an attorney who is the designated representative of the Assistant Secretary of the Navy for Manpower and Reserve Affairs disapproved this unanimous BCNR decision and provided no relief to my client. My client is now considering review by a federal court. This case is typical of the adversarial nature of the claims I have submitted to the correction boards.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Woodbridge, Virginia, on December 14, 2006.

Grant E. Lattin

Declarant