# In the United States Court of Federal Claims

| | | |
|---|---|---|
| ANTHONY J. BROOKS, *Plaintiff,* | ) | |
| v. | ) | No. 03-2470 |
| UNITED STATES, *Defendant.* | ) | Judge Wolski |

## DECLARATION OF JAMES R. KLIMASKI

I, James R. Klimaski, Esq., am admitted to practice law in the District of Columbia and the State of Maryland. I have been practicing military law, both criminal law and administrative law, for 30 years. I have represented over 50 clients before the various Boards for Correction of Military Records. I am extremely familiar with the practice and procedures involved with the Boards.

I have been advised that the defendant claims that proceedings before the Boards for Correction of Military Records are not adversarial in nature. While that may have been arguable true years ago that is not true today. In practice, the Boards are fundamentally adversarial in nature. The applicant presents a legal pleading to the Board setting out an error or injustice for which he or she seeks redress. The Board may then seek additional information from the military organization involved. Through this additional information, the military organization represents its position on the applicant's claim. The applicant then has a right to respond to any additional information.

It is uncommon for a military organization to concede the applicant's position. Rather, the information it provides the Board is typically a fervent effort to oppose the applicant's arguments. The information may include affidavits from witnesses to support the government's position. I have not had a case where the military organization conducted an investigation to establish facts or locate information favorable to the claimant. In one case in particular, the service Correction Board refused to even look at an inspector general investigation file when it was offered to it. In another case, the military organization sought out witnesses to challenge the statements of the petitioner, but refused to assist in locating witnesses favorable to the petitioner's claim or make them available to be interviewed.

In recent cases the Correction Boards have denied the petitioner's claim without providing any reason for the denial. When challenged in court, the government offers the military organization's advisory opinion as the Board's decision.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 15, 2006.

James R. Klimaski, Esq.
1819 L Street, NW, 7th Floor
Washington, DC 20036
(202)296-5600