# In the United States Court of Federal Claims

| | | |
|---|---|---|
| ANTHONY J. BROWNS, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 03-2470 |
| UNITED STATES, | ) | |
| *Defendant.* | ) | Judge Wolski |

## DECLARATION OF GUY J. FERRANTE

My name is Guy J. Ferrante. I am admitted to practice law in Virginia. I have been practicing military law for 21 years in the firm of King & Everhard, P.C. In that time, I have represented literally hundreds of clients whose cases have involved the Boards for Correction of Military Records of the Army, Air Force, Coast Guard, and Public Health Service, and the Board for Correction of Naval Records – before the board itself, in federal court, or both. As a result, I am extremely familiar with the practice and procedures involved with the boards.

I have been advised that the defendant claims that proceedings before the Boards for Correction of Military Records are not adversarial in nature. While that might be accurate in theory, it is patently false in practice because the board process is fundamentally adversarial in nature. An applicant presents a legal memorandum to the board setting out an error or injustice for which he or she seeks redress. The board, which is comprised of civilians, may then seek additional information from the military organization involved. More often than not, this additional information (often referred to as an advisory opinion) comes from the uniformed side of the military organization, which represents its position on the applicant's claim. The applicant then has a right to respond to any additional information before the board makes a decision.

In all but the rarest of circumstances, the military organization's input to the board is adverse to the applicant. Concessions are seen when the matter is obvious and utterly indisputable; otherwise, the opposition is fervent and vigorous. In many ways, practice before the various boards is analogous to a court proceeding, with the applicant serving as the plaintiff, the military organization as the defendant, and the board as the decision-maker. And the boards defer to their own military organizations much as courts defer to a board decision.

I recall one case in which the Soldiers and Sailors Civil Relief Act tolled the time limit for filing an application. In an effort to prevent the case from being heard at all, however, the military organization's advisory opinion urged that it be barred by laches. The board did not defer in that instance, but the adversarial nature of the overall process is ably demonstrated nonetheless.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2006.

Guy J. Ferrante
King & Everhard, P.C.