# In the United States Court of Federal Claims

No. 03-2470C
(Filed April 23, 2007)

* * * * * * * * * * * * * * * * * * * * * * * * *
**ANTHONY J. BROOKS,** *
Plaintiff, *
v. *
**THE UNITED STATES,** *
Defendant. *
* * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

The pending matter before the Court is the plaintiff's motion to compel the production of several documents. This motion was the subject of a hearing on January 11, 2007, during which the government agreed to produce some documents, the Court denied one of plaintiff's requests, and seven other documents were ordered to be submitted for *in camera* review. Two weeks later, the documents were submitted to Chambers for review.

Defendant claims to have withheld the documents based on the attorney-client privilege or the work product doctrine. Plaintiff bases his motion to compel on the fact that these documents were either addressed or copied to Denise Canton, of what was then called the Division of Commissioned Personnel ("DCP"). Plaintiff is a Commissioned Corps officer with the United States Public Health Service ("PHS"). He maintains that communications between the Board for Correction of PHS Commissioned Corps Records ("BCCCR") and the DCP, an entity outside the BCCCR, must be disclosed under 10 U.S.C. § 1556(a). Mot. at 3. He also argues that transmission of the information in these documents to DCP, which he characterizes as his adversary in the BCCCR case, waived any privilege. *Id.* at 3-4.

In opposition to the motion, defendant first suggests that discovery has no place in military pay cases, citing some decisions of our Court which based review on an administrative record. Def.'s Resp. at 2. The government, however, ignores the binding precedent of the Federal Circuit's opinion in *Heisig v. United States*, 719 F.2d 1153 (Fed. Cir. 1983), which held that plaintiffs challenging Correction Board decisions are "entitled" to supplement the record with evidence before a trial court. *Heisig*, 719 F.2d at 1157; *see Brooks v. United States*, 65 Fed. Cl. 135, 150 n.22 (2005) (discussing *Heisig*). Moreover, even when our Court is, by statute,

reviewing a decision based on an administrative record, that record may be supplemented by additional evidence in a number of circumstances and for a number of purposes, which include showing "information relied upon but omitted from the paper record." *Beta Analytics Int'l, Inc. v. United States*, 61 Fed. Cl. 223, 225 (2004) (quoting *Orion Int'l Tech., Inc. v. United States*, 60 Fed. Cl. 338, 343-44 (2004)). This evidence might even be found in documents created after a decision but which reference information considered by the decision makers. Discovery and supplementation of the record is certainly permissible in this case.

Second, the government argues that 42 U.S.C. § 213a(a) does not apply 10 U.S.C. § 1556 to BCCCR proceedings. Def.'s Resp. at 2-3. This is correct. Section 213a(a) specifically enumerates the provisions of Title 10 which are the source of the "rights, benefits, privileges and immunities" extended to commissioned officers of the PHS, and section 1556 is not among them. Had Congress, when it added the section 1556 prohibition on ex parte communications, inserted this as an amendment to section 1552, it would have applied to the BCCCR as a right "hereafter provided" under the latter. *See* 42 U.S.C. § 213a(a)(12). But it chose not to.

Third, the government argues that the former DCP, now known as the Office of Commissioned Corps Operations ("OCCO"), is not the adversary of applicants for corrections, but rather a source of information for the BCCCR. Def.'s Resp. at 3-4. It also points out that DCP/OCCO, as well as the BCCCR, is a client of the Department of Health & Human Services' Office of General Counsel ("OGC"), and thus may have privileged communications with the latter. Def.'s Resp. at 5. But whether or not DCP/OCCO is considered an "adversary" to plaintiff, it is clear from the Board's regulations that DCP/OCCO is at least a third party in such proceedings, and not a confidential agent of the BCCCR. For instance, section K of Personnel Instruction 1, provided to the Court as an attachment to the government's response, requires that "[a] copy of each submission made by [DCP/OCCO] is given to the applicant . . . ." Subchapter CC49.9, Personnel Instr. 1, § K(2)(d). Indeed, the administrative record ("AR") submitted by the government contains several requests for information or opinion from the BCCCR to DCP, and the responses. *See*, *e.g.*, AR 53-54, 61-62, 120-23, 127, 138, 140, 142, 144, 146-49, 153-56, 192-204, 295-99, 323.

Given the express, non-confidential role of DCP/OCCO, it is hard to see how communications between BCCCR and OGC that are shared with DCP/OCCO during the pendency of BCCCR proceedings could retain any privileged status they might otherwise have. *Cf. Cities Service Helix, Inc. v. United States*, 216 Ct. Cl. 470, 476 (1978) (privilege lost by sharing document with other government office when document "or its contents are intended or expected to become public"). The DCP/OCCO is not the legal adviser to the BCCCR, but only a source of information, and would presumably only be in the communications loop with the BCCCR as needed to inform its own role in the process -- which is entirely transparent, under the Board's regulations. But given the role of OGC as legal counsel to both BCCCR and DCP/OCCO, it is advisable to consider claims of waiver on a case-by-case basis, as the Court can envision circumstances in which a communication *from* OGC might answer the same legal question posed by each client with the same document (or in which, to avoid reinventing the

wheel, OGC might submit to one office a copy of a document previously created for the other). Thus, the Court resolved to review very closely the circumstances and status of each of the seven documents reviewed *in camera*, after first carefully reviewing the law concerning attorney-client privilege and the work product doctrine.

A review of these documents, however, ultimately revealed this matter as one in which, regrettably, the resources of the Court, as well as the parties, have been needlessly consumed. Referring to each document, for the sake of convenience, by the letter assigned in the Court's order of January 11, 2007, the Court has found the following:

<u>Document a</u>. These e-mails from BCCCR to OCCO are merely the requests for the additional information that the government sought to add to the record with its Motion to Submit Supplemental Information filed January 5, 2006. Since what is omitted from the response to such requests might be as notable as what is included, *see Brooks*, 65 Fed. Cl. at 149, normally the request as well as the response should be shared with the applicant. Moreover, any information received from OCCO may well be influenced by the substance of the corresponding request. Thus, this document probably should have been included with the January 5, 2006 motion. To the extent that the e-mails could be considered privileged due to their references to non-substantive views of the OGC (which the Court doubts is the sort of advice covered by the attorney-client privilege), this privilege was waived by BCCCR's decision to share these views with OCCO at that juncture. This document, however marginal in its evidentiary value, should be produced to plaintiff.

<u>Documents b, c, & d</u>. These three documents were attachments to a communication from OGC to the BCCCR. It is questionable whether the first, a copy of a memorandum previously prepared by OGC for DCP in another case, is discoverable, falling as it might in the category of counsel trying to avoid reinventing the wheel. The second and the third, however, are clearly documents that Capt. Brooks is entitled to have, even though they are, respectively, a request for legal advice from DCP, and legal advice received by DCP from OGC. This is because of the unique nature of plaintiff's case, which concerns the impact that an erroneously-issued letter of reprimand from DCP had on a promotion denied him. But the government need not produce document c or d (nor b, for that matter) -- the motion as to these documents is moot, for the government *has already recognized their central relevance to the case by placing them in the administrative record*. These documents can be found at AR 1-2 (document b), 3-4 (document c), and 5 (document d).

<u>Documents e, f & g</u>. These documents are two e-mails and one letter from executives of the BCCCR to the agency counsel litigating this case. Although OCCO received copies of each, the documents were each generated *after* the department acted upon the second remand, and thus OCCO was not serving in the role of information provider at that time. As a consequence, the Court concludes that the attorney-client privilege was not waived concerning these documents. Moreover, the documents do not reveal information that was considered by the BCCCR and was otherwise omitted from the administrative record -- indeed, no such information is referenced at

all -- and cannot be discovered on that basis. The motion to produce these documents is DENIED.

The motion to compel is GRANTED as to document "a," and the government shall produce to plaintiff a copy of this document within ten days of the date of this order. Captain Brooks's motion to compel is DENIED as moot concerning documents b-d, and is DENIED as to documents e-g.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge