DEPARTMENT OF HEALTH & HUMAN SERVICES

Program Support Center

Rockville MD 20857

May 11, 2006

TO: Deputy Assistant Secretary for Program Support

FROM: Executive Director, Board for Correction of Public Health Service (PHS) Commissioned Corps Records

SUBJECT: CAPT Anthony J. Brooks, Second Remand

1. The Board was convened at 2:00 PM, May 3, 2006 in room 17A-13, Parklawn Building, Rockville, Maryland. Those present were:

John F Aguirre – Executive Director, Board for Corrections
Christopher DeGraw MD – Board Member, Board for Corrections
Kenneth D. Cannon – Board Member, Board for Corrections
Edward W. Dacey – Board Member, Board for Corrections
Dan Clutch – Executive Secretary

2. The Board met to consider seven specific questions presented by the Honorable Victor J. Wolski.

a. Question: Why was a new selection board convened rather than reconvening the 2000 selection board?

Board's Response: Title 42 U.S.C Section 206(b) provides for the appointment of the Pharmacist Chief Professional Officer (CPO). A Chief Pharmacist Officer Nomination Board was conducted in 2000 and that Nomination Board was dismissed after submitting their recommendations to the Surgeon General. Once the Surgeon General made his decision, other candidates for the assignment of CPO were notified of their non-selection. When the Surgeon General retracted his decision to select Capt. Brooks for the position prior to the effective date of appointment, the position of CPO remained vacant.

The Surgeon general decided that the pool of candidates for CPO should be expanded and issued the Manual Circular changing the eligibility of officers for CPO positions. After issuance of the Manual Circular, the staff of the Office of the Surgeon General notified the Division of Commissioned Personnel (DCP) to begin the CPO nomination process. As a part of that process, a new Board was convened in 2001 since the 2000 Board had been dismissed. The DCP staffs' operational process was to not have Board members serve on consecutive CPO nomination Boards to maintain objectivity. The new CPO Nomination Board was convened to make recommendations to the Surgeon General on candidates to fill the vacant CPO position.

b. Question: Were either the September 18, 2000 memorandum appointing Capt. Brooks, or the September 29, 2000 memorandum rescinding the appointment, known to the 2001 selection board?

Board's Response: Based on the written record and the recollection of the 2001 Nomination Board member's, there is no evidence that the selection for appointment and rescinding documents were known to these Board members.

Question: If so, did this result in an error and injustice that materially prejudiced plaintiff's chance to be selected?

Board's Response: Since there is no evidence that Board members were aware of the selection for appointment and rescinding documents, the Board cannot conclude that they materially prejudiced Capt. Brooks' chance to be selected.

c. Was the Surgeon General's decision to rescind the appointment of Capt. Brooks an error and an injustice, since it was based on the letter of reprimand?

Board's Response: The timing of the Surgeon General's decision to rescind Capt. Brook's selection for appointment to CPO certainly gives the impression that the letter of reprimand (LOR) was the basis for the decision. If the Surgeon General's decision was based solely on the LOR, this would constitute a harmful error and an injustice. However, the Surgeon General's memorandum rescinding Capt. Brooks' appointment as CPO does not cite the LOR as the reason for rescinding the selection for appointment. Rather, the stated reason was "Pursuant to recent discoveries of misconduct by CAPT Anthony J. Brooks…." Capt. Brooks was selected for appointment and then the selection was rescinded by the Surgeon General prior to the effective date with discovery of facts indicating poor judgment and potential misconduct by Capt. Brooks.

d. Did the Surgeon General express any reason, other than the misconduct alleged in the letter of reprimand, for either rescinding the appointment of Capt. Brooks or not seeking Secretary's approval for his appointment?

Board's Response: The Surgeon General's memorandum does not cite the LOR as the reason for rescinding the selection for appointment. The LOR was issued for violation of the Privacy Act. On later review, Capt. Brooks' actions were found not to be in violation of the Privacy Act.

e. If the letter of reprimand – the presence of which in Capt. Brooks' records was previously found to be and error and an injustice – was the only reason that the Surgeon General rescinded his selection of plaintiff, should not the record be corrected to indicate that CAPT. Brooks was appointed to the CPO position, effective October 1, 2000 (given the Surgeon General's possession of both the power and the intention to appoint Capt. Brooks)?

Board's Response: Yes.

f. If the 2001 CPO selection process was effectively the result of the letter of reprimand having blocked plaintiff's assumption of the CPO position, would it be an error and injustice for the

plaintiff's records to reflect that his service in that position was terminated by the appointment of a new CPO through that process?

Board's Response: Yes, but Capt. Brooks was never appointed as CPO and the record is inconclusive in establishing that the LOR was the sole reason that the Surgeon General rescinded his selection for appointment as CPO.

g. Does the record contain any evidence supporting a reason for the Secretary to disapprove the selection of Capt. Brooks, other than the allegations in the letter of reprimand?

Board's Response: Yes. The statement of RADM Kenneth P. Moritsugu clearly indicated that there were facts indicating poor judgment and potential misconduct that lead to the Surgeon General rescinding his selection for appointment of Capt. Brooks as CPO.

3. The Board concluded that there is insufficient evidence to definitively conclude either that the LOR was the sole reason for the Surgeon General's decision to rescind Capt. Brooks' selection for appointment as CPO or that there were reasons other than the LOR that lead to the decision.

4. The Board initially recommended on a two to one split vote that based on the rescinding of the LOR that Capt. Brooks' record is to be corrected to indicate that he served as CPO from October 1, 2000 until the appointment of another CPO in 2001 or the date that Capt. Brooks retired, whichever occurred first. The Board further recommended that he receive any compensation and privileges due from this corrective action. The rationale of the dissenting member was that a nexus between the LOR and the decision to rescind the appointment as CPO was not established and since the Surgeon General had the authority to appoint the CPO without the approval of the Department Secretary, he also had the authority to rescind the appointment, which he did prior to the effective date. The Executive Director, who is a nonvoting member, agreed with the dissenting Board member.

5. When the minutes were circulated to the Board members for coordination, one Board member concluded that after reviewing the answers to the seven questions, which have been agreed to by all Board members, that he had erred in voting to recommend that Capt. Brooks was due any relief. To quote, he states "It is now my opinion that Capt. Brooks not be compensated based upon the findings from the Board. If you review the questions and answers to me it points towards the fact that even though the timing of the letter of reprimand is questionable, there is no hard evidence that it was based upon the letter. Reviewing the sworn statement of RADM Moritsugu supports the fact that there were other reasons, not the letter of reprimand, for rescinding the selection. Also the fact that in the letter to Capt. Brooks it does not mentioned the letter of reprimand, but the stated reason was recent discoveries of misconduct. Also, it is my understanding that this position serves at the discretion of the Surgeon General and can be revoked at any time." With this, the vote is now two to one that Capt. Brooks is not entitled to any relief.

6. The Board does not question that the LOR was properly withdrawn. The LOR was specifically for violation of the Privacy Act and it is clear that Capt. Brooks' actions did not violate the Privacy Act. This LOR was withdrawn and this resolved the error and injustice

surrounding issuing it. What the Board finds, however, is that the record does not establish that the LOR was the reason for rescinding Capt. Brooks' appointment to CPO. Although the Board recommendation does not mention it, it is also clear based on the evidence presented that the 2001 CPO Promotion Board was not aware of the LOR, the previous appointment to CPO memorandum, and the memorandum rescinding his appointment to CPO. Thus, these memorandums did not prejudice the proceedings of the 2001 CPO Promotion Board.

7. In summary, the Board concludes by majority vote that the LOR was not shown to be the reason for rescinding the Capt. Brooks' appointment to CPO and that there is no evidence to support his allegation that the 2001 CPO Promotion Board was aware of the LOR, his previous appointment to as CPO, and the rescinding of this appointment. Based on these findings, The Board recommends that no relief be grated for failure to establish that a harmful error and injustice occurred.

fr John F. Aguirre
Executive Director,
Board for Correction of Public Health
Service Commissioned Corps Records

May 11, 2006
Date

Reviewed and Approved:

I hereby ✓ approve ___disapprove the Board members' recommendation on CAPT Brooks' appeal considered in accordance with the authority of Section 221a(a)(12) of the Public Health Service Act (P.L. 96-76 as amended), and 42 U.S.C. 213a(a)(12), extending to the PHS Commissioned Corps the provisions of 10 U.S.C. 1552.

J. P. Vanlandingham
Deputy Assistant Secretary
for Program Support

5/11/2006
Date

Attachment: Case Record

CC: OCCO

**Flynn, Lisa (HHS/OGC)**

---

**From:** Dacey, Edward W. (CDC)
**Sent:** Thursday, May 11, 2006 12:37 AM
**To:** Cannon, Kenneth D. (IHS/HQE); Clutch, Dan (PSC); Degraw, Chris (HRSA)
**Cc:** Aguirre, John F. (PSC)
**Subject:** RE: BFC Brooks - Minutes 5-9-06R.doc

The case documentation is a bit thin on some issues but I'd agree that RADM Moritsugu's statement is key in establishing plausible reasons beyond the LOR for rescinding the appointment before the effective date. And if these positions truly serve at the discretion of SG it would appear to be within his prerogative to rescind this appointment.

The issue surrounding this case are complicated by the Department's reliance on 'not selected because not approved by HHS Secretary' defense and lack of clarity as to how/when Brooks was notified of the rescinded appointment. But it seems clear that Brooks knew, dispute his attorney's implications, that he was not serving as the CPO on October 1. Therefore, if we are reconsidering recommendations on remedies I would agree with Ken - this selection and subsequent rescission was not handled cleanly by the Department, but there is insufficient evidence of an error and injustice that would warrant compensation.

Ed

---

**From:** Cannon, Kenneth D. (IHS/HQE)
**Sent:** Tuesday, May 09, 2006 4:10 PM
**To:** Clutch, Dan (PSC); Degraw, Chris (HRSA/MCHB); Dacey, Edward W. (CDC/NIOSH/OD)
**Cc:** Aguirre, John F. (PSC)
**Subject:** RE: BFC Brooks - Minutes 5-9-06R.doc

Good afternoon all,

First, I would like to express my thanks to Dan for capturing all of this information and putting our discussion to paper. I realize that this not an easy task. Second, after reading and re-reading the answers to the questions, I would like to make a recommendation to the board to reconsider the compensation on this case.

It is now my opinion that Capt. Brooks not be compensated based upon the findings from the Board. If you review the questions and answers to me it points towards the fact that even though the timing of the letter of reprimand is questionable, there is no hard evidence that it was based upon the letter. Reviewing the sworn statement of RADM Moritsugu supports the fact that there were other reasons, not the letter of reprimand, for rescinding the selection. Also the fact that in the letter to Capt. Brooks it does not mentioned the letter of reprimand, but the stated reason was recent discoveries of misconduct.

Also, it is my understanding that this position serves at the discretion of the Surgeon General and can be revoked at any time.

My recommendation to the board is to change our position from some type of compensation to none.

Dan,

I don't the process here, so if this changes things, do we need to meet again as board or can we discuss via teleconference?

Thanks,

Ken

Kenneth D. Cannon
Director, Divlson of Adminstrative Services
Indian Health Service
Phone: 301.443.0815

---

**From:** Clutch, Dan (PSC)
**Sent:** Tuesday, May 09, 2006 1:08 PM
**To:** Degraw, Chris (HRSA); Cannon, Kenneth D. (IHS/HQE); Dacey, Edward W. (CDC)
**Cc:** Aguirre, John F. (PSC)
**Subject:** BFC Brooks - Minutes 5-9-06R.doc

The draft Board minutes is attached for your review and approval. A quick turnaround would be appreciated. Thanks!

**Flynn, Lisa (HHS/OGC)**

---

**From:** Cannon, Kenneth D. (IHS/HQE)
**Sent:** Tuesday, May 09, 2006 4:10 PM
**To:** Clutch, Dan (PSC); Degraw, Chris (HRSA); Dacey, Edward W. (CDC/NIOSH/OD)
**Cc:** Aguirre, John F. (PSC)
**Subject:** RE: BFC Brooks - Minutes 5-9-06R.doc

Good afternoon all,

First, I would like to express my thanks to Dan for capturing all of this information and putting our discussion to paper. I realize that this not an easy task. Second, after reading and re-reading the answers to the questions, I would like to make a recommendation to the board to reconsider the compensation on this case.

It Is now my opinion that Capt. Brooks not be compensated based upon the findings from the Board. If you review the questions and answers to me it points towards the fact that even though the timing of the letter of reprimand is questionable, there is no hard evidence that it was based upon the letter. Reviewing the sworn statement of RADM Moritsugu supports the fact that there were other reasons, not the letter of reprimand, for rescinding the selection. Also the fact that in the letter to Capt. Brooks it does not mentioned the letter of reprimand, but the stated reason was recent discoveries of misconduct.

Also, it is my understanding that this position serves at the discretion of the Surgeon General and can be revoked at any time.

My recommendation to the board is to change our position from some type of compensation to none.

Dan,

I don't the process here, so if this changes things, do we need to meet again as board or can we discuss via teleconference?

Thanks,

Ken

Kenneth D. Cannon
Director, DIvison of Adminstrative Services
Indian Health Service
Phone: 301.443.0815

---

**From:** Clutch, Dan (PSC)
**Sent:** Tuesday, May 09, 2006 1:08 PM
**To:** Degraw, Chris (HRSA); Cannon, Kenneth D. (IHS/HQE); Dacey, Edward W. (CDC)
**Cc:** Aguirre, John F. (PSC)
**Subject:** BFC Brooks - MInutes 5-9-06R.doc

The draft Board minutes is attached for your review and approval. A quick turnaround would be appreciated. Thanks!

**Flynn, Lisa (HHS/OGC)**

---

**From:** Degraw, Chris (HRSA)
**Sent:** Thursday, May 11, 2006 9:41 AM
**To:** Clutch, Dan (PSC); Cannon, Kenneth D. (IHS/HQE); Dacey, Edward W. (CDC/NIOSH/OD)
**Cc:** Aguirre, John F. (PSC)
**Subject:** RE: BFC Brooks - Minutes 5-9-06R.doc
**Importance:** High

I agree that Dan did an excellent job of capturing our deliberations on this case. I also agree with Ed re. his remarks concerning 2c. Also elated to this, 2f. states :...but Capt. Brooks was never approinted as CPO..." As Ed noted, the court seems to have determined that he *was* appointed, so we shouldn't flagrantly refute this.

Otherwise, I think the draft minutes are accurate and I see no reason to change our recommendations to the Court at this juncture.

Thanks,

Chris DeGraw

---

**From:** Clutch, Dan (PSC) [mailto:Dan.Clutch@psc.hhs.gov]
**Sent:** Tuesday, May 09, 2006 1:08 PM
**To:** DeGraw, Chris (HRSA); Cannon, Kenneth D (IHS); Dacey, Edward W. (CDC)
**Cc:** Aguirre, John F. (PSC)
**Subject:** BFC Brooks - Minutes 5-9-06R.doc

The draft Board minutes is attached for your review and approval. A quick turnaround would be appreciated. Thanks!

**Flynn, Lisa (HHS/OGC)**

---

**From:** Dacey, Edward W. (CDC)
**Sent:** Wednesday, May 10, 2006 11:34 PM
**To:** Clutch, Dan (PSC); Degraw, Chris (HRSA); Cannon, Kenneth D. (IHS/HQE)
**Cc:** Aguirre, John F. (PSC)
**Subject:** RE: BFC Brooks - Minutes 5-9-06R.doc

A few minor comments on the draft minutes before I reply to Ken's follow-up email. (I agree with Ken on at least one issue - thanks to Dan for capturing all the info!)

#2a The response provides substantial background on the selection/unselection process but doesn't address the question until the end of the second paragraph. While the additional information may be helpful in framing the overall issues for the Judge, I might be tempted to answer the question more directly by leading with "...a new Board was convened in 2001 since the 2000 Board had been dismissed. The DCP staffs' normal operational process was to not have Board members serve on consecutive CPO Nomination Boards to maintain objectivity." In addition, I thought in the course of our meeting that Chris(?) referenced a policy enumerating that very issue. That seemed like the perfect answer.

As a side note, if anything a 2nd Board might have been more favorable to Brooks since they wouldn't necessarily have knowledge of what happened to the 2000 Board's selection.

#2c I would drop "RADM Moritsugu points out that Capt. Brooks was never actually appointed as CPO." It's technically accurate but given the Judge's heavy focus on the SG's authority to appoint I'm concerned that we'd dilute our message. The sentences following that one capture the key issues without crossing the Judge on the appointment authority question. Just add "....selection was rescinded ***prior to the effective date*** by the Surgeon General. ."

Ed

---

**From:** Clutch, Dan (PSC) [mailto:Dan.Clutch@psc.hhs.gov]
**Sent:** Tuesday, May 09, 2006 1:08 PM
**To:** Degraw, Chris (HRSA/MCHB); Cannon, Kenneth D. (IHS/HQE); Dacey, Edward W. (CDC/NIOSH/OD)
**Cc:** Aguirre, John F. (PSC)
**Subject:** BFC Brooks - Minutes 5-9-06R.doc

The draft Board minutes is attached for your review and approval. A quick turnaround would be appreciated. Thanks!

Subject: Minutes of Board for Corrections of PHS Commissioned Corps Records – Remand for Anthony J. Brooks

1. The Board was convened at 2:00 PM, May 3, 2006 in room 17A-13, Parklawn Building, Rockville, Maryland. Those present were:

John F Aguirre – Executive Director, Board for Corrections
Christopher DeGraw MD – Board Member, Board for Corrections
Kenneth D. Cannon Board Member, Board for Corrections
Edward W. Dacey – Board Member, Board for Corrections
Dan Clutch – Executive Secretary

2. The Board met to consider seven specific questions presented by the Honorable Victor J. Wolski.

a. Question: Why was a new selection board convened rather than reconvening the 2000 selection board?

Board's Response: Title 42 U.S.C Section 206(b) provides for the appointment of the Pharmacist Chief Professional Officer (CPO). A Chief Pharmacist Officer Nomination Board was conducted in 2000 and that Nomination Board was dismissed after submitting their recommendations to the Surgeon General. Once the Surgeon General made his decision, other candidates for the assignment of CPO were notified of their non-selection. When the Surgeon General retracted his decision to select Capt. Brooks for the position prior to the effective date of appointment, the position of CPO remained vacant.

The Surgeon general decided that the pool of candidates for CPO should be expanded and issued the Manual Circular changing the eligibility of officers for CPO positions. After issuance of the Manual Circular, the staff of the Office of the Surgeon General notified the Division of Commissioned Personnel (DCP) to begin the CPO nomination process. As a part of that process, a new Board was convened in 2001 since the 2000 Board had been dismissed. The DCP staffs' operational process was to not have Board members serve on consecutive CPO nomination Boards to maintain objectivity. The new CPO Nomination Board was convened to make recommendations to the Surgeon General on candidates to fill the vacant CPO position.

b. Question: Were either the September 18, 2000 memorandum appointing Capt. Brooks, or the September 29, 2000 memorandum rescinding the appointment, known to the 2001 selection board?

Board's Response: Based on the written record and the recollection of the 2001 Nomination Board member's, there is no evidence that the selection for appointment and rescinding documents were known to these Board members.

Question: If so, did this result in an error and injustice that materially prejudiced plaintiff's chance to be selected?

Board's Response: Since there is no evidence that Board members were aware of the selection for appointment and rescinding documents, the Board cannot conclude that they materially prejudiced Capt. Brooks' chance to be selected.

c. Was the Surgeon General's decision to rescind the appointment of Capt. Brooks an error and an injustice, since it was based on the letter of reprimand?

Board's Response: The timing of the Surgeon General's decision to rescind Capt. Brook's selection for appointment to CPO certainly gives the impression that the letter of reprimand (LOR) was the basis for the decision. If the Surgeon General's decision was based solely on the LOR, this would constitute a harmful error and an injustice. However, the Surgeon General's memorandum rescinding Capt. Brooks' appointment as CPO does not cite the LOR as the reason for rescinding the selection for appointment. Rather, the stated reason was "Pursuant to recent discoveries of misconduct by CAPT Anthony J. Brooks…." Capt. Brooks was selected for appointment and then the selection was rescinded by the Surgeon General prior to the effective date with discovery of facts indicating poor judgment and potential misconduct by Capt. Brooks.

d. Did the Surgeon General express any reason, other than the misconduct alleged in the letter of reprimand, for either rescinding the appointment of Capt. Brooks or not seeking Secretary's approval for his appointment?

Board's Response: The Surgeon General's memorandum does not cite the LOR as the reason for rescinding the selection for appointment. The LOR was issued for violation of the Privacy Act. On later review, Capt. Brooks' actions were found not to be in violation of the Privacy Act.

e. If the letter of reprimand – the presence of which in Capt. Brooks' records was previously found to be and error and an injustice – was the only reason that the Surgeon General rescinded his selection of plaintiff, should not the record be corrected to indicate that CAPT. Brooks was appointed to the CPO position, effective October 1, 2000 (given the Surgeon General's possession of both the power and the intention to appoint Capt. Brooks)?

Board's Response: Yes.

f. If the 2001 CPO selection process was effectively the result of the letter of reprimand having blocked plaintiff's assumption of the CPO position, would it be an error and injustice for the plaintiff's records to reflect that his service in that position was terminated by the appointment of a new CPO through that process?

Board's Response: Yes, but Capt. Brooks was never appointed as CPO and the record is inconclusive in establishing that the LOR was the sole reason that the Surgeon General rescinded his selection for appointment as CPO.

g. Does the record contain any evidence supporting a reason for the Secretary to disapprove the selection of Capt. Brooks, other than the allegations in the letter of reprimand?

Board's Response: Yes. The statement of RADM Kenneth P. Moritsugu clearly indicated that there were facts indicating poor judgment and potential misconduct that lead to the Surgeon General rescinding his selection for appointment of Capt. Brooks as CPO.

3. The Board concluded that there is insufficient evidence to definitively conclude either that the LOR was the sole reason for the Surgeon General's decision to rescind Capt. Brooks' selection for appointment as CPO or that there were reasons other than the LOR that lead to the decision.

4. The Board initially recommended on a two to one split vote that based on the rescinding of the LOR that Capt. Brooks' record is to be corrected to indicate that he served as CPO from October 1, 2000 until the appointment of another CPO in 2001 or the date that Capt. Brooks retired, whichever occurred first. The Board further recommended that he receive any compensation and privileges due from this corrective action. The rationale of the dissenting member was that a nexus between the LOR and the decision to rescind the appointment as CPO was not established and since the Surgeon General had the authority to appoint the CPO without the approval of the Department Secretary, he also had the authority to rescind the appointment, which he did prior to the effective date. The Executive Director, who is a nonvoting member, agreed with the dissenting Board member.

5. When the minutes were circulated to the Board members for coordination, one Board member concluded that after reviewing the answers to the seven questions, which have been agreed to by all Board members, that he had erred in voting to recommend that Capt. Brooks was due any relief. To quote, he states "It is now my opinion that Capt. Brooks not be compensated based upon the findings from the Board. If you review the questions and answers to me it points towards the fact that even though the timing of the letter of reprimand is questionable, there is no hard evidence that it was based upon the letter. Reviewing the sworn statement of RADM Moritsugu supports the fact that there were other reasons, not the letter of reprimand, for rescinding the selection. Also the fact that in the letter to Capt. Brooks it does not mentioned the letter of reprimand, but the stated reason was recent discoveries of misconduct. Also, it is my understanding that this position serves at the discretion of the Surgeon General and can be revoked at any time." With this, the vote is now two to one that Capt. Brooks is not entitled to any relief.

6. The Board does not question that the LOR was properly withdrawn. The LOR was specifically for violation of the Privacy Act and it is clear that Capt. Brooks' actions did not violate the Privacy Act. This LOR was withdrawn and this resolved the error and injustice surrounding issuing it. What the Board finds, however, is that the record does not establish that the LOR was the reason for rescinding Capt. Brooks' appointment to CPO. Although the Board recommendation does not mention it, it is also clear based on the evidence presented that the 2001 CPO Promotion Board was not aware of the LOR, the previous appointment to CPO memorandum, and the memorandum rescinding his appointment to CPO. Thus, these memorandums did not prejudice the proceedings of the 2001 CPO Promotion Board.

7. In summary, the Board concludes by majority vote that the LOR was not shown to be the reason for rescinding the Capt. Brooks' appointment to CPO and that there is no evidence to support his allegation that the 2001 CPO Promotion Board was aware of the LOR, his previous

appointment to as CPO, and the rescinding of this appointment. Based on these findings, the Board recommends that no relief be grated for failure to establish that a harmful error and injustice occurred.

<u>Coordinated via attached email</u>
Christopher DeGraw, MD

<u>Coordinated via attached email</u>
Kenneth D. Cannon

<u>Coordinated via attached email</u>
Edward W. Dacey

4 Attachments
As

1. Re BFC Brooks – Minutes 5-9-06.doc1.msg
2. Re BFC Brooks – Minutes 5-9-06.doc2.msg
3. Re BFC Brooks – Minutes 5-9-06.doc3.msg
4. Re BFC Brooks – Minutes 5-9-06.doc4.msg