No. 03-2470
(Judge Wolski)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

ANTHONY J. BROOKS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND RESPONSE TO PLAINTIFF'S MOTION

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

September 25, 2007

Attorneys for Defendant

# TABLE OF CONTENTS

**PAGE(S)**

DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND RESPONSE TO PLAINTIFF'S MOTION ........ 1

NATURE OF THE CASE ........ 1

Statement Of Facts ........ 2

1. The BCCCR Case ........ 2

2. The Court's April 2005 Decision ........ 5

3. The 2005 Remand ........ 6

4. The 2006 Remand ........ 7

ARGUMENT ........ 9

I. Standard Of Review ........ 9

A. Standard Of Review For Judgment Upon The Administrative Record ........ 9

B. The Court's Review Of AFBCMR Decisions Is Limited ........ 10

II. Capt. Brooks Has Not Shown That He Is Entitled To A Favorable Judgment Based Upon The Administrative Record ........ 11

III. Capt. Brooks Is Not Entitled To The Relief He Seeks ........ 15

CONCLUSION ........ 16

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

A&D Fire Prot., Inc. v. United States,
72 Fed. Cl. 126 (2006) ........ 9

Bannum, Inc. v. United States,
404 F.3d 1346 (Fed. Cir. 2005) ........ 9

Bernard v. United States,
59 Fed. Cl. 497 (2004) ........ 11

Bice v. United States,
72 Fed. Cl. 432 (2006) ........ 10

Doe v. United States,
132 F.3d 1430 (Fed. Cir. 1997) ........ 11

Dorl v. United States,
200 Ct. Cl. 626 (1973) ........ 10

Dysart v. United States,
369 F.3d 1303 (Fed. Cir. 2004) ........ 15

Fort Carson Support Servs. v. United States,
71 Fed. Cl. 571 (2006) ........ 9

Hary v. United States,
223 Ct. Cl. 10, 17 (1980) ........ 11

Heisig v. United States,
719 F.2d 1153 (Fed. Cir. 1983) ........ 10, 11, 14

Koretsky v. United States,
57 Fed. Cl. 154 (2003) ........ 10

Lewis v. United States,
458 F.3d 1303 (Fed. Cir. 2004) ........ 15

Long v. United States,
12 Cl. Ct. 174 (1987) ........ 10

Myers v. United States,
50 Fed. Cl. 674 (2001) .......... 10

O'Shea v. United States,
28 Ct. Cl. 1800 WL 1950 (1893) .......... 16

Porter v. United States,
163 F.3d 1304 (Fed. Cir. 1998) .......... 10, 11, 12

Rominger v. United States,
72 Fed. Cl. 268 (2006) .......... 10

Saab Cars USA, Inc. v. United States,
434 F.3d 1359 (Fed. Cir. 2006) .......... 9

Slesinski v. United States,
34 Fed. Cl. 159 (1995) .......... 11

Thomas v. United States,
47 Fed. Cl. 560 (2000) .......... 11

Van Cleave v. United States,
70 Fed. Cl. 674 (2006) .......... 10, 14

Voge v. United States,
844 F.2d 776 (Fed. Cir. 1998) .......... 11

Wyatt v. United States,
23 Cl. Ct. 314 (1991) .......... 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANTHONY J. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2470 |
| v. | ) | Judge Wolski |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND RESPONSE TO PLAINTIFF'S MOTION

Pursuant to Rule 52.1(b) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court deny plaintiff's June 22, 2007 motion for judgment upon the administrative record and enter judgment upon in favor of the United States upon this cross-motion. In support of this motion, the Government relies upon the amended complaint, the prior proceedings in this action, the Court's prior decision in this case, Brooks v. United States, 65 Fed. Cl. 135 (Apr. 18, 2005), the following brief, and the previously-filed administrative record.[1]

## NATURE OF THE CASE

Plaintiff, Anthony J. Brooks, a former Captain in the United States Public Health Service ("PHS") Commissioned Corps ("Corps"), who has since retired, seeks the active duty pay and allowances that he would have received for four years of service as the Chief Pharmacist Officer

[1] "Compl." refers to the amended complaint. Citations to "AR __" refer to the administrative record; and "A__" refers to a page in the appendix that is attached to this motion. Mr. Brooks' motion for judgment upon the agency record is cited Pl. Mot. __. References are to page numbers. Because we did not number the documents in the June 23, 2006 supplement to the administrative record, Mr. Brooks has done so, and has attached the supplemental documentation to his motion. See Appendix to Pl. Mot. We refer to that documentation by the numbering assigned by Mr. Brooks's (i.e., A428-440.

("CPO") for PHS, and the retired pay of a Rear Admiral retroactive to March 1, 2007. Pl. Mot. 15. Capt. Brooks claims that, in 2000, he was wrongfully denied a promotion to CPO when an improper "letter of reprimand" ("LOR") was placed in his file at the same time he was being recommended for the CPO position. See Pl. Mot. 4, 9-10. Although the LOR was rescinded as a result of a grievance filed by Capt. Brooks, he never served as CPO or received the attendant pay.

Following two remands to the Board for Correction of Commissioned Corps Records ("BCCCR" or board), Capt. Brooks filed his present motion for judgment upon the administrative record. For the reasons stated below, this Court should decline to issue a decision in favor of Capt. Brooks, deny him the relief requested, and grant judgment upon the administrative record in favor of the Government.

STATEMENT OF FACTS[2]

1. The BCCCR Case

In 1996, Capt. Brooks worked as a pharmacist in the Intramural Research Program, National Institute on Drug Abuse, National Institutes of Health, in Baltimore, Maryland. See A9, ¶ 2. In 1996, Capt. Brooks was passed over for a promotion to Temporary Grade 0-6, and instead was promoted to Permanent Grade 0-5. A9, ¶ 1. He subsequently was promoted to Temporary Grade 0-6 on July 1, 1997. A9, ¶ 2.

[2] Pursuant to RCFC 52.1(b), a cross-moving party, such as the Government here, must include in its motion a statement of facts. Further, a party opposing a motion for judgment upon the administrative record shall include a "counter-statement" of facts. Because we are including our opposition to plaintiff's motion in this cross-motion, and because the counter-statement of facts would say the same thing as our statement of facts, we do not submit a separate counter-statement. Instead, to the extent necessary, we ask the Court to treat our statement of facts as our counter-statement as well.

In 1999, Capt. Brooks filed an application with the BCCCR asking that the date of his promotion to "Temporary Grade 0-6" be changed from July 1, 1997 to October 1, 1996. A87-88, 90. He supported his board appeal with documents from a former subordinate's service records. Brooks, 65 Fed. Cl. at 137-138.

On July 7, 2000, while his appeal was pending before the correction board, Capt. Brooks was interviewed for the position of Chief Pharmacist by the Deputy Surgeon General. See Brooks, 65 Fed. Cl. at 137. On September 17, 2000, Surgeon General David Satcher interviewed Capt. Brooks for the Chief Pharmacist position. Id. Subsequent to his interview, Dr. Satcher sent a memorandum to the Director of the Division of Commissioned Personnel ("DCP"), with a copy to Capt. Brooks, stating that he had selected Capt. Brooks for the Chief Pharmacist position to be effective October 1, 2000. A112. Dr. Satcher requested that the DCP issue the appropriate personnel order. Id. Dr. Satcher indicated that the position would be a flag grade position – a "statutory flag billet." Id. Flag grade positions generally include those positions at the 0-7 and 0-8 level that involve a higher level of complexity, responsibility, and importance.

On September 22, 2000, Rear Admiral ("RADM") Richard G. Wyatt informed Capt. Brooks that the memo announcing his alleged promotion to Chief Pharmacist had been sent in error. See Brooks, 65 Fed. Cl. 137; Pl. Mot. 3-4; Pl. SJ App. 103.[3] RADM Wyatt instructed Capt. Brooks to return his copy to the DCP. Pl. App. 103. At the time, RADM Wyatt was serving as the Acting Chief of Staff in the Office of the Surgeon General. Id.

---

[3] A copy of a September 22, 2000 record of this conversation is included at page 103 of the appendix to Mr. Brooks's May 7, 2004 cross-motion for summary judgment (cited "Pl. SJ App. __ (references are to page numbers)).

On September 27, 2000, the DCP advised Capt. Brooks that he was going to receive a LOR for sending the documents of his former subordinate to the correction board. A17, 48, 110. Capt. Brooks acknowledges that, in support of his application, he had sent the documents from another officer's record. Pl. Mot. 4.

The LOR was issued on September 28, 2000, and reprimanded Capt. Brooks for violating the Privacy Act. Pl. SJ App 104. On September 29, 2000, the Surgeon General issued a memorandum notifying DCP that he had rescinded his selection of Capt. Brooks "due to recent discoveries of misconduct" by Capt. Brooks. A378. Capt. Brooks grieved the LOR, which eventually caused the LOR to be rescinded and removed from his official personnel records on January 9, 2001. Pl. SJ App. 111; A125. Capt. Brooks subsequently amended his BCCCR application to include a request to "restore" his promotion to Flag Grade 0-7. A106.

Meanwhile, the Surgeon General reconvened the selection board to choose the Chief Pharmacist, and Capt. Brooks competed for the position again. A53. Candidates were ranked on February 15, 2001, and Capt. Brooks was ranked 12th out of 17 candidates. Id. Only the top five candidates were referred to Dr. Satcher for consideration. Id. Accordingly, another individual was selected for the position. Id.

The correction board issued its recommendations and decision upon Capt. Brooks' appeal on June 19, 2002. A8. Among other things, the board recommended that Capt. Brooks be afforded priority consideration for any Flag Grade 0-7 positions for a three-year period. See A30-31. The board further suggested that Capt. Brooks be afforded the opportunity to pursue a settlement. A31. On March 18, 2003, the Deputy Assistant for Program Support, Mike Blank, disapproved those recommendations. A288-289. Mr. Blank indicated that there may have been

an injustice because Dr. Satcher had never sought Secretarial approval of the promotion, and the LOR may have influenced his decision not to seek such approval. A289. However, Mr. Blank concluded, among other things, that, the Chief Pharmacist position required Secretarial approval, that there was no guarantee that Capt. Brooks would have received the promotion, and that the remedy sought by Capt. Brooks was outside the purview of the correction board's authority. A289. Therefore, Mr. Blank disapproved the board's recommendation regarding the CPO position. A289.

2. The Court's April 2005 Decision

In the April 18, 2005 decision in the present action, the Court denied our motion to dismiss and granted, in part, Mr. Brooks's cross-motion for summary judgment. Brooks, 65 Fed. Cl. 152. In denying the motion to dismiss, the Court held that the CPO position was not a "special temporary position," and that the Surgeon General, not the Secretary of Health and Human Services, possessed authority to make appointments to that position. Id. at 143. The Court further determined that the matter was justiciable. Id. at 143-145. In partially granting Capt. Brooks's motion for summary judgment, the Court held that Capt. Brooks had been appointed to the position effective October 1, 2000. Id. at 148. However, among other issues, the question of whether the Surgeon General had revoked the officer's promotion was remanded to the BCCCR for consideration. Id. at 152.[4]

---

[4] Our current cross-motion for judgment upon the administrative record addresses the issues resulting from the remand. We do not here attempt to relitigate the issues decided in the April 18, 2005 decision. We respectfully reserve the right to challenge any portion of that decision in any appeal.

3. The 2005 Remand

On October 26, 2005, the BCCCR convened to address the issues remanded by the Court, which included the following: (1) the date the Surgeon General effectively revoked the appointment of Capt. Brooks as Chief Pharmacist; (2) whether the LOR was the reason why Secretarial approval for the promotion was never sought; (3) the reason the Manual Circular of November 6, 2000 was issued; (4) the reason why a new selection board was convened; and (5) whether the presence of the Surgeon General's September 18, 2000 memorandum in Capt. Brooks's file at the time of the re-competition for the CPO position was materially prejudicial to his chances for selection and therefore an error or injustice. See id. at 152; A307.

The BCCCR concluded that it was able to respond to the Court's first three questions, but not the last two. A310-311. The BCCCR found that the September 29, 2000 memorandum from the Surgeon General effectively revoked the appointment of Capt. Brooks to the position of Chief Pharmacist. A310, ¶ a. Additionally, in response to the question of whether the LOR was the reason for not seeking Secretarial approval for appointment of Capt. Brooks to the Chief Pharmacist position, the BCCCR concluded that, "[b]ased on the limited information in the case file, it is the Board's contention that events of misconduct on the part of CAPT Brooks resulted in the issuance of the Letter of Reprimand, which ultimately led to the Surgeon General's rescission of his selection as Chief Pharmacy Officer." A310, ¶ b. The BCCCR also determined that the Surgeon General issued the November 6, 2000 Manual Circular to eliminate the prior requirement that officers have less than 26 years of service in order to be considered for the CPO position, which was considered unduly restrictive. A310, ¶ c.

On November 11, 2005, J.P. VanLandingham, Deputy Assistant Secretary for Program Support, approved the BCCCR's responses to the Court. A307-308.

4. The 2006 Remand

On March 29, 2006, the Court remanded the matter to the BCCCR a second time. The Court ordered the BCCCR to specifically address the following questions: (1) Why was a new selection board convened rather than reconvening the 2000 selection board? (2) Were either the September 18, 2000 memorandum appointing Capt. Brooks, or the September 29, 2000 memorandum rescinding the appointment, known to the 2001 selection board? If so, did this result in an error and an injustice that materially prejudiced plaintiff's chance to be selected? (3) Was the Surgeon General's decision to rescind the appointment of Capt. Brooks an error and an injustice, since it was based on the letter of reprimand? (4) Did the Surgeon General express any reason, other than the misconduct alleged in the letter of reprimand, for either rescinding the appointment of Capt. Brooks or not seeking Secretary approval for his appointment? (5) If the letter of reprimand – the presence of which in Capt. Brooks' records was previously found to be an error and an injustice – was the only reason that the Surgeon General rescinded his selection of plaintiff, should not the record be corrected to indicate that Capt. Brooks was appointed to the CPO position, effective October 1, 2000 (given the Surgeon General's possession of both the power and the intention to appoint Capt. Brooks)? (6) If the 2001 CPO selection process was effectively the result of the letter of reprimand having blocked plaintiff's assumption of the CPO position, would it be an error and an injustice for plaintiff's records to reflect that his service in that position was terminated by the appointment of a new CPO through that process? (7) Does

the record contain any evidence supporting a reason for the Secretary to disapprove the selection of Capt. Brooks, other than the allegations in the letter of reprimand? See A437-438, ¶¶ a-g.

On May 3, 2006, the BCCCR met to address the questions remanded by the Court and on May 11, 2006, Mr. VanLandingham approved the BCCCR's findings. A428. In regard to the Court's query as to why a new selection board was convened rather than reconvening the prior selection board, the BCCCR noted that the DCP staff's operational process was to not have Board members serve on consecutive CPO nomination boards in order to preserve objectivity. A428, ¶ a. The BCCCR also noted that the Surgeon General's memorandum rescinding the appointment of Capt. Brooks to the CPO position did not cite the LOR as the reason for the Surgeon General's decision. A429, ¶ c. Rather, the memorandum refers to "discoveries of misconduct." Id. The BCCCR concluded that the appointment was repealed because of the "discovery of facts indicating poor judgment and potential misconduct by Capt. Brooks." Id.

Also, the BCCCR's opinion indicated that information provided by the Deputy Surgeon General, RADM Kenneth P. Moritsugu, "clearly indicated that there were facts indicating poor judgment and potential misconduct" that led to the Surgeon General's decision to rescind the appointment of Capt. Brooks. A430, ¶ g. The BCCCR concluded in a vote of two to one that Capt. Brooks was not entitled to any relief. A430, ¶ 5. Furthermore, the BCCCR found that, when the LOR was withdrawn, it resolved the error and injustice surrounding its issuance. A430-431, ¶ 6.

Additionally, the BCCCR determined that the record did not establish that the LOR was the reason for rescinding Capt. Brooks' appointment to the CPO position. A431, ¶ 6. Moreover, the BCCCR concluded it was clear that the 2001 CPO promotion board was unaware of the

LOR, the original memorandum appointing him to the position, or the memorandum rescinding Capt. Brooks' appointment to the CPO position; thus, the memoranda did not prejudice to the proceedings of the 2001 CPO promotion board. Id.

Capt. Brooks retired from the Corps effective as of March 1, 2007.

## ARGUMENT

### I. Standard Of Review

#### A. Standard Of Review For Judgment Upon The Administrative Record

A motion for judgment upon the administrative record is distinguishable from a motion for summary judgment. Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005); see also Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1372 (Fed. Cir. 2006). In reviewing a motion for judgment on the administrative record, the Court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based upon the evidence in the record. A&D Fire Prot., Inc. v. United States, 72 Fed. Cl. 126, 131 (2006). The existence of a question of fact neither precludes the granting of a motion for judgment nor requires this Court to conduct an evidentiary proceeding. See Saab Cars, 434 F.3d at 1372; Fort Carson Support Servs. v. United States, 71 Fed. Cl. 571, 585 (2006). Instead, such fact questions must be resolved by reference to the administrative record, "as if [this Court] were conducting a trial on [that] record." Bannum, 404 F.3d at 1357.

RCFC 52.1, which replaced the repealed RCFC 56.1, now provides for judgment upon the administrative record. RCFC 52.1. The standard of review for a motion for judgment upon the administrative record under RCFC 52.1 depends upon the specific law to be applied in the specific case. See Rules Committee Note to RCFC 52.1; Rominger v. United States, 72 Fed. Cl.

268, 272 (2006); but see Bice v. United States, 72 Fed. Cl. 432, 441 (2006) ("The standard of review for a motion for judgment on the administrative record under RCFC 52.1 remains unchanged from the standard under the now-repealed RCFC 56.1.").

B. The Court's Review Of Correction Board Decisions Is Limited

In the present case, the Court is governed by the well-settled standards governing review of military correction board decisions. Once a plaintiff has sought relief from a correction board, he is bound by that board's determination unless he can demonstrate that the board's determination was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998); Koretsky v. United States, 57 Fed. Cl. 154, 158 (2003); Myers v. United States, 50 Fed. Cl. 674, 687-688 (2001). Capt. Brooks can only meet his considerable burden by presenting "cogent and convincing evidence" that the board's decision was in error. Dorl v. United States, 200 Ct. Cl. 626, 633 (1973).

This standard of review "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence." Heisig v. United States, 719 F.2d 1153, 1157 (Fed. Cir. 1983). Because the Court of Federal Claims does not sit as a "super correction board," when substantial evidence supports a board's action, and when that action is reasonable in light of all the evidence presented, the Court will not disturb the result. Van Cleave v. United States, 70 Fed. Cl. 674, 678-79 (2006).

Judicial review in this case is limited to the administrative record before the board. See Wyatt v. United States, 23 Cl. Ct. 314, 319 (1991); Long v. United States, 12 Cl. Ct. 174, 177 (1987). Further, Capt. Brooks bears the heavy burden of overcoming the "strong, but rebuttable,

presumption" that the military discharges its duties "correctly, lawfully and in good faith." Bernard v. United States, 59 Fed. Cl. 497, 501 (2004), (quoting Hary v. United States, 223 Ct. Cl. 10, 17 (1980)).

Finally, when a decision is made concerning who is or who is not fit to serve, that decision is generally entitled to great deference. Doe v. United States, 132 F.3d 1430, 1434 (Fed. Cir. 1997); Slesinski v. United States, 34 Fed. Cl. 159, 163 (1995). Responsibility for determining who is fit or unfit to serve is not a judicial province, and courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence. Heisig v. United States, 719 F.2d at 1156; Bernard, 59 Fed. Cl. at 501. Furthermore, it is "singularly inappropriate" to second-guess the judgment of military medical officers. Voge v. United States, 844 F.2d 776, 780 (Fed. Cir. 1998); Slesinski, 34 Fed. Cl. at 163-64.

II. Capt. Brooks Has Not Shown That He Is Entitled To A Favorable Judgment Based Upon The Administrative Record

While Capt. Brooks may disagree with the conclusions reached by the BCCCR in response to the questions remanded by this Court, he has not demonstrated that the decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. Porter, 163 F.3d at 1312. Moreover, Capt. Brooks has not shown that the BCCCR ignored or unreasonably construed the evidence, or did not otherwise perform its duties. Thomas v. United States, 47 Fed. Cl. 560, 569 (2000).

The record establishes that Capt. Brooks was advised on September 22, 2000 by the Acting Chief of Staff for the Surgeon General that the memorandum announcing his promotion had been sent in error. Brooks, 65 Fed. Cl. 137; Pl. Mot. 3-4; Pl. SJ App. Further, on September 29, 2000, prior to the effective date of Capt. Brooks' selection, the Surgeon General issued a memorandum noting that he had rescinded the selection of Capt. Brooks for the CPO position. A378. The rescission memorandum does not reference the LOR as the reason for his decision to rescind the selection. Id. It merely refers to discoveries of misconduct by Capt. Brooks. Id. The rescission memorandum is dated one day after the date of the LOR so it clearly could have specifically referenced the LOR had the LOR been the basis for the decision.

Moreover, although the grievance process eventually led to the rescission of the LOR, see Pl. SJ App. 111; A125, that is not the end of the matter. In its May 11, 2006 decision, the board stated:

> If the Surgeon General's decision was based solely on the LOR, this would constitute a harmful error and an injustice. However, the Surgeon General's memorandum rescinding Capt. Brooks' appointment as CPO does not cite the LOR as the reason for rescinding the selection for appointment. Rather, the stated reason was "Pursuant to recent discoveries of misconduct by CAPT Anthony J. Brooks. . . ." Capt. Brooks was selected for appointment and then the selection was rescinded by the Surgeon General prior to the effective date with discovery of facts indicating poor judgment and potential misconduct by Capt. Brooks.

A429, ¶ c.

Here, the board's determination was not arbitrary or capricious, and is supported by substantial evidence and consistent with law. See Porter v. United States, 163 F.3d at 1312. Certainly, Mr. Brooks's decision to disclose a former subordinate's personnel records reflected

poor judgment and potential misconduct, which was a sufficient basis for rescinding his promotion before it became effective. Indeed, given the limited availability of flag grade positions and the high level nature of the CPO position, the Surgeon General cannot be expected to allow someone to hold that position unless that person was absolutely trustworthy, possessed unquestioned good judgment, and had a high level of professionalism.

Thus, regardless of whether Capt. Brooks should have received a formal reprimand for his conduct, it clearly is reasonable to conclude that the conduct itself provided sufficient grounds to deny a promotion. Capt. Brooks essentially attempted to use information about a former subordinate – which he apparently would not have had but for the fact that he had been that individual's supervisor – as a sword, in order to obtain a promotion. Capt. Brooks stepped over the line. Predictably, the agency did not look favorably upon his conduct.

By focusing upon the LOR, Mr. Brooks overlooks the conduct itself. Nonetheless, it was the conduct that led to the LOR, not the other way around. And when the LOR eventually was overturned, the conduct remained. In any event, that certain conduct may be insufficient to result in a formal finding of wrongdoing (in this case an alleged Privacy Act violation), it does not follow that the same conduct provides an insufficient basis upon which to decline to place an individual in a high-level position of trust within the Government. Given these circumstances, there is substantial evidence in the record to support the board's conclusion.

Further, in this case, the board expressly found that the record did <u>not</u> establish the LOR as the basis for rescinding Capt. Brooks's promotion. A431, ¶ 6. Although Capt. Brooks asserts that, because of the timing, the LOR "obviously" precipitated the recsission of the promotion, that is simply speculation. Specifically, the board noted that, although the timing of the

rescission gave rise to an "impression" that the LOR was the basis for the decision, this was not the case. See A429, ¶ c; A431, ¶ 6. Thus, the board effectively considered and rejected the argument Capt. Brooks now makes. In doing so, the board pointed out that the rescission document itself did not "cite the LOR as the reason for rescinding the selection for appointment." A429, ¶ c.

Indeed, the memorandum does not even mention the LOR. Id. Certainly, the fact that the LOR is not cited provides a compelling reason to conclude that the LOR was not a factor. Had the LOR been the ground for the rescission, the memorandum would have stated so. In any event, the board's finding in this regard is adequately supported by the record. As previously noted, the applicable standard of review "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence." Heisig v. United States, 719 F.2d at 1157. Although Mr. Brooks may disagree with the decision, because it is supported by substantial evidence, it should be upheld. Here, Capt. Brooks essentially is asking this Court to substitute its judgment for that of the board. This request is inappropriate. See Van Cleave, 70 Fed. Cl. at 678-79 (Court does not sit as a "super correction board"; when substantial evidence supports board's action, and when that action is reasonable in light of all the evidence presented, Court will not disturb the result).

III. Capt. Brooks Is Not Entitled To The Relief He Seeks

Capt. Brooks' argument, that he should "be deemed" to have held the CPO position for the attendant four-year term, is without merit. See Pl. Mot. 12. This Court already has recognized, in this case, that any entitlement of to the CPO position "would terminate upon the Surgeon General's exercise of his removal power." Brooks, 65 Fed. Cl. at 148 (citing Marbury v. Madison, 5 U.S. (1 Cranch) 137, 162 (1803); D'Arco v. United States, 441 F.2d 1173, 1175 (Ct. Cl. 1971)). Further, the Court concluded that "[t]here appears to be no limit on the Surgeon General's exercise of this discretion, except from external sources such as anti-discrimination laws or Constitutional provisions." Id.; see Lewis v. United States, 458 F.3d 1372, 1373, 1376-78 (Fed. Cir. 2006) (Secretary of Navy delays promotion and removes Lewis's name from promotion list; court holds that only President has authority to appoint officer and thus take final step in promotion process, and that court cannot order President of his delegate to make appointment; affirms Court of Federal Claims decision granting Government's motion for judgment upon administrative record) (citing Dysart v. United States, 369 F.3d 1303, 1317 (Fed. Cir. 2004). Therefore, "just as the appointment power was delegated to the Surgeon General, so, too, was the power of removal." Brooks, 65 Fed. Cl. at 148.

Here, Capt. Brooks did not occupy the position for a single day. As previously demonstrated, on September 29, 2000, prior to the effective date of Capt. Brooks's appointment, Capt. Brooks's selection was rescinded. A378. Further, Capt. Brooks obviously knew that he was not going to occupy the position: On September 25, 2001, Capt. Brooks was advised that the September 18, 2000 selection memorandum had been sent in error. Pl. SJ App. 103. Capt. Brooks specifically asked if this meant that he would not become the new Chief Pharmacist and

was again told that the memorandum had been sent in error. Id. As a result, Capt. Brooks never served in the position as Chief Pharmacy Officer, a fact regarding which he obviously was aware. Nonetheless, he seeks payments as if he had served in that position. In addition, the fact that the position was re-advertised and filled by another candidate independently establishes the revocation. See O'Shea v. United States, 28 Ct. Cl. 392, 399, 1800 WL 1950, at *6 (1893).

Indeed, Capt. Brooks also had a full and fair opportunity to compete again for the position after the LOR had been removed from his record. Specifically, the Surgeon General re-advertised the position and Capt. Brooks reapplied, but only ranked 12 out of 17. Further, the BCCCR concluded that there was no evidence to establish that the 2001 CPO Promotion Board was aware of his previous appointment as the CPO or the subsequent recision by the CPO. A431, ¶ 6. The Surgeon General's selection of a different candidate for the CPO position (which was approved by the Secretary of Health and Human Services) clearly signaled his intent to have someone else serve as the CPO. Accordingly, Capt. Brooks is not entitled to have his records corrected to reflect that he served as the CPO for four years or the associated pay and allowances.

Finally, although Capt. Brooks is not entitled to any relief due to the revocation of his selection prior to its effective date, to the extent, if any, that the Court grants relief, it should be limited in nature. Capt. Brooks certainly would not be entitled to back pay and allowances after the date the other candidate assumed the position.

## CONCLUSION

For these reasons, the United States respectfully requests that this Court deny Capt. Brooks's motion for judgment upon the administrative record and that the Court grant our cross-motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

***s/Bryant G. Snee***
BRYANT G. SNEE
Deputy Director

***s/Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7788

Attorneys for Defendant

September 25, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 25th day of September 2007, "DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND RESPONSE TO PLAINTIFF'S MOTION," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder