No. 03-2470
(Judge Wolski)

# In the United States Court of Federal Claims

ANTHONY J. BROOKS, )
)
*Plaintiff*, )
)
v. )
)
UNITED STATES, )
)
*Defendant*. )

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND RESPONSE TO DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Eugene R. Fidell
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, D.C. 20036
(202) 466-8960 tel
(202) 293-8103 fax
efidell@feldesmantucker.com

*Attorney of Record for Plaintiff*

*Of Counsel*:

Matthew S. Freedus

October 18, 2007

INDEX

*Page*

Table of Citations ........ 1

Introduction ........ 1

Counter-Statement of Facts ........ 1

Argument ........ 2

Conclusion ........ 4

TABLE OF CITATIONS

*Cases:*

*Slesinki v. United States*, 34 Fed. Cl. 159 (1995) ........ 3
*Voge v. United States*, 844 F.2d 776 (Fed. Cir. 1998) ........ 3

*Statute:*

Privacy Act, 5 U.S.C. § 552a ........ 3

*Miscellaneous:*

A.P. Herbert, *Uncommon Law* (1935) ........ 3
RCFC 7.2(c), (e) ........ 1
RCFC 52.1(b) ........ 1

*Introduction*

This brief is submitted in accordance with RCFC 7.2(c), (e) and 52.1(b). For the reasons set forth in Captain Brooks's motion for judgment on the administrative record and in this brief, that should be granted and defendant's cross-motion should be denied. An opportunity to present oral argument has already been requested.

*Counter-Statement of Facts*

Captain Brooks objects to defendant's use (at 3) of the term "alleged" in describing

Rear Admiral Wyatt's September 22, 2000 communication with Captain Brooks.

Defendant's statement of facts also neglects to address the fact—supported by the record—that Captain Brooks had been given the documents from the other officer's record because he was that officer's supervisor, A.R. 107, and that the BCCCR had assured him that filings with it were confidential. *Id.* (¶ 2). It also neglects to address the facts that OCCO did not disclose the rescission memorandum until nearly five years later, on September 1, 2005, A.R. 295, 296 (¶ 1), or that the memorandum was never previously furnished to Captain Brooks, A.R. 317, who first received it—from his own counsel—on September 8, 2005. *Id.* These and all other facts that defendant has not disputed with references to the record or other evidence must be deemed admitted.

Defendant's statement of facts refers to "recent discoveries of misconduct" (at 4), "discoveries of misconduct" (at 8), and "facts indicating poor judgment and potential misconduct" (at 8), but points to nothing in the record that identifies what those matters could have been other than Captain Brooks's submission to the BCCCR of the other officer's records, which he properly possessed in his capacity as that officer's supervisor.

*Argument*

1. As explained in our motion for judgment on the administrative record, Captain Brooks is entitled to relief because the BCCCR's second decision on remand is arbitrary and capricious, unsupported by substantial evidence, and contrary to law. These are the familiar applicable standards of review, and nothing in Captain Brooks's motion asks the Court to exceed the limits of its authority or substitute its judgment for that of the BCCCR. Defendant's cross-motion dedicates considerable space (pp. 10-

11) to a string of general propositions seeking to deter the Court from performing it usual function of judicial review of agency action. The last one in the string—that "it is 'singularly inappropriate' to second-guess the judgment of military medical officers"—is surely like the thirteenth stroke of a clock "which not only is itself discredited but casts a shade of doubt over all previous assertions." A.P. Herbert, *Uncommon Law* 28 (1935). The mere fact that officials who were involved in the decision making that underlies the BCCCR's action or who served on that body (only one seems to have been an M.D., A.R. 437) or approved its decision happen to hold medical or related degrees has absolutely nothing to do with the case. Unlike *Voge v. United States*, 844 F.2d 776 (Fed. Cir. 1998), or *Slesinki v. United States*, 34 Fed. Cl. 159 (1995), this case does not involve questions of medical or psychiatric fitness. The issues thus do not lie within the special ken of the medical profession; they concern garden-variety administrative law.

2. On the merits, the agency decision in the BCCCR proceeding is deficient for the reasons we have already explained. There is no evidence that Captain Brooks did anything wrong in relying on records properly in his possession as they concerned his supervisee. This was confirmed by the outcome of his grievance. The agency's cognizant officials correctly determined that he did not violate the Privacy Act, 5 U.S.C. § 552a. He has never been disciplined for anything other than the unfounded claim that he violated that statute. There is no evidence of any other misconduct. The net effect is that OCCO, having been frustrated in its effort to defeat Captain Brooks's earlier BCCCR application by means of the later-repudiated LOR, nonetheless vindictively saw to it that higher management undid his promotion. To countenance the outcome for which

defendant argues would be to reward conduct that deserves only condemnation.

3. Until Captain Brooks was furnished the official document rescinding his promotion, signed by the individual with power to rescind, the rescission was without effect. *See* Pl. Mot. at 15 n.6. That did not happen until long after his four-year term as CPO expired. A.R. 317, 320.

*Conclusion*

For the foregoing reasons and those previously stated, Captain Brooks's motion should be granted and defendant's cross-motion should be denied.

Respectfully submitted,

/s/ EUGENE R. FIDELL
Eugene R. Fidell
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036
(202) 466-8960 tel
(202) 293-8103 fax
efidell@feldesmantucker.com

*Attorney of Record for Plaintiff*

*Of Counsel*:

Matthew S. Freedus

October 18, 2007

Certificate of Service

I certify that I filed the foregoing Reply to Defendant's Response to Motion for Judgment on the Administrative Record and Response to Defendant's Cross-Motion for Judgment on the Administrative Record electronically on October 18, 2007. I understand that notice of this filing will be sent to all parties by operation of the Court's Electronic Case Filing system. Parties may access this filing through that system.

/s/ EUGENE R. FIDELL
Eugene R. Fidell