IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANTHONY J. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2470 |
| v. | ) | Judge Wolski |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY

Defendant, the United States, respectfully submits this reply in response to plaintiff's opposition to the Government's cross-motion for judgment upon the administrative record.[1]

INTRODUCTION

The relevant facts are described in detail in our cross-motion. Anthony Brooks, a retired Captain in the United States Public Health Service ("PHS") Commissioned Corps ("Corps"), seeks the active duty pay and allowances that he would have received for four years of service as the Chief Pharmacist Officer ("CPO") for PHS, and the retired pay of a Rear Admiral retroactive to March 1, 2007. Pl. Mot. 15. Capt. Brooks claims that, in 2000, he was wrongfully denied a promotion to CPO when an improper "letter of reprimand" ("LOR") was placed in his file at the same time he was being recommended for the CPO position. See Pl. Mot. 4, 9-10. Although the LOR was rescinded as a result of a grievance filed by Capt. Brooks, he never served as CPO or received the attendant pay. Our arguments are set forth at length in our cross-motion. We restrict our comments here to the arguments in Capt. Brooks's reply.

---

[1] "A__" refers to the administrative record. "Pl. Mot. __" refers to plaintiff's motion for judgment upon the administrative record. "Pl. Reply __" refers to plaintiffs reply and response to our cross-motion for judgment upon the administrative record. References are to page numbers.

ARGUMENT

In our cross-motion, we pointed out that Capt. Brooks's decision to disclose a former subordinate's personnel records reflected poor judgment and potential misconduct, which was a sufficient basis for rescinding his promotion before it became effective. We further pointed out that, given the limited availability of flag grade positions and the high level nature of the CPO position, the Surgeon General cannot be expected to allow someone to hold that position unless that person was absolutely trustworthy, possessed unquestioned good judgment, and had a high level of professionalism.

In response, Capt. Brooks asserts that he had been given the other officer's personnel records "because he was that officer's supervisor . . . and that the BCCCR had assured him that filings with it were confidential." Pl. Reply 2 (citing A317). Capt. Brooks misses the point. As noted in our cross-motion, in its May 11, 2006 decision, the board stated:

> If the Surgeon General's decision was based solely on the LOR, this would constitute a harmful error and an injustice. However, the Surgeon General's memorandum rescinding Capt. Brooks' appointment as CPO does not cite the LOR as the reason for rescinding the selection for appointment. Rather, the stated reason was "Pursuant to recent discoveries of misconduct by CAPT Anthony J. Brooks. . . ." Capt. Brooks was selected for appointment and then the selection was rescinded by the Surgeon General prior to the effective date with discovery of facts indicating poor judgment and potential misconduct by Capt. Brooks.

A429, ¶ c.

Certainly, the board's determination was not arbitrary or capricious, is supported by substantial evidence, and is consistent with law. See Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998); Koretsky v. United States, 57 Fed. Cl. 154, 158 (2003); Myers v. United

States, 50 Fed. Cl. 674, 687-688 (2001). Capt. Brooks decision to disclose a former subordinate's personnel records reflected poor judgment and potential misconduct, which was a sufficient basis for rescinding his promotion. His assertion that he received the records in the course of his duties does not change this. See Pl. Reply 2. Further, Capt. Brooks's assertion that the BCCCR had assured him that the filings with the BCCCR were confidential is irrelevant. Id.

Capt. Brooks argues that our references to "discoveries of misconduct," and "facts indicating poor judgment and potential misconduct," were not supported by anything in the record identifying "what those matters could have been other than Capt. Brooks's submission to the BCCCR of the other officer's records, which he properly possessed in his capacity as the officer's supervisor." Pl. Reply 2. Again Capt. Brooks misses the point. He ignores the obvious fact that a supervisor's attempt to use confidential personnel records of a subordinate employee for his own advantage can reasonably be viewed as inherently offensive. Records of Government employees are not maintained so that their supervisors can use them for their own purposes.

Further, although it is conceivably possible that Capt. Brooks genuinely believes that his decision to disclose those records did not evidence poor judgment, it certainly is more than reasonable an agency, faced with such conduct, to conclude that such conduct did exhibit poor judgment. As pointed out in our cross-motion, responsibility for determining who is fit or unfit to serve is not a judicial province, and courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence. Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983); Bernard v. United States, 59 Fed. Cl. 497, 501 (2004). Given the limited availability of flag grade positions and the

high level nature of the CPO position, the Surgeon General cannot be expected to allow someone to hold that position unless that person was absolutely trustworthy, possessed unquestioned good judgment, and had a high level of professionalism. Thus, regardless of whether Capt. Brooks should have received a formal reprimand for his conduct, it clearly is reasonable to conclude that the conduct itself provided sufficient grounds to deny a promotion.

Capt. Brooks also argues that this case "does not involve questions of medical or psychiatric fitness," and that the issues therefore "do not lie within the special ken of the medical profession; they concern garden variety administrative law." Pl. Reply 3. This is a red herring. The fact remains that Capt. Brooks was seeking a high level position, and that his conduct can reasonably be viewed as reflecting poor judgment, regardless of the profession involved.

Capt. Brooks continues to rely upon the fact that the agency "determined that he did not violate the Privy Act, 5 U.S.C. § 552a." Pl. Reply 3. His argument sets the bar too low. The mere fact that certain conduct might not constitute a Privacy Act violation does not mean that the same conduct cannot provide a basis for denying a promotion. Indeed, Government officials are routinely faced with the task of making judgments regarding who to promote and who not to promote. The decision of who is promoted to high-level positions is a discretionary judgment call for the agency to make. Here, there is substantial evidence in the record to support the board's conclusion.

Capt. Brooks also asserts that "OCCO, having been frustrated in its effort to defeat Capt. Brooks's earlier BCCCR application by means of the later-repudiated LOR, nonetheless vindictively saw to it that higher management undid his promotion." Pl. Reply 3 (emphasis added). To the extent that Capt. Brooks is alleging bad faith, his unsupported accusation should

be rejected out of hand. Capt. Brooks bears the heavy burden of overcoming the "strong, but rebuttable, presumption" that the military discharges its duties "correctly, lawfully and in good faith." Bernard v. United States, 59 Fed. Cl. 497, 501 (2004), (quoting Hary v. United States, 223 Ct. Cl. 10, 17 (1980)). Here, Mr. Brooks offers no evidence, other than his own accusation, to support his statement. Therefore, he has not met his burden of demonstrating bad faith.

Finally, Mr. Brooks contends that, until he was furnished "with the official document rescinding his promotion, signed by the individual with power to rescind, the recsission was without effect." Pl. Br. 4. This argument is equally without merit. As we demonstrated in our cross-motion, Capt. Brooks did not occupy the position for a single day. On September 29, 2000, prior to the effective date of Capt. Brooks's appointment, Capt. Brooks's selection was rescinded. A378. Further, Capt. Brooks obviously knew that he was not going to occupy the position: On September 25, 2001, he was advised that the September 18, 2000 selection memorandum had been sent in error. Pl. SJ App. 103. Capt. Brooks specifically asked if this meant that he would not become the new Chief Pharmacist and was again told that the memorandum had been sent in error. Id. As a result, Capt. Brooks never served in the position as Chief Pharmacy Officer, a fact regarding which he obviously was aware.

## CONCLUSION

For these reasons, and for the reasons set forth in our cross-motion, the United States respectfully requests that this Court deny Capt. Brooks's motion for judgment upon the administrative record and that the Court grant our cross-motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

***s/Bryant G. Snee***
BRYANT G. SNEE
Deputy Director

***s/Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7788

Attorneys for Defendant

November 5, 2007

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 5th day of November 2007, "DEFENDANT'S REPLY," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder